THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN LOGATTO, Respondent, v LEE D. HANES, as Director of the St. Lawrence Psychiatric Center, et al., Appellants.

Third Department, June 2, 1983

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Julie S. Mereson* of counsel), for appellants.

*Peter R. Terriah* for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

Petitioner's confinement as a patient in the St. Lawrence Psychiatric Center stems from his acquittal of the criminal charge of aggravated harassment on the ground of lack of responsibility due to mental disease or defect (Penal Law, § 30.05). Although conditionally released in November of 1981, petitioner was recommitted to the St. Lawrence Psychiatric Center and the custody of the Commissioner of Mental Health pursuant to the provisions of CPL 330.20. The recommitment order, which was made by County

Court and entered April 15, 1982, was for a period of six months. Despite the language contained in CPL 330.20 (subd 8) which mandates that the commissioner apply to the court for either a first retention order or release order no later than 30 days prior to the original commitment order's expiration, no such application was made regarding petitioner.

Since this order of commitment terminated on October 15, 1982, petitioner brought the instant proceeding against the commissioner and other officials in the Office of Mental Health on November 5, 1982 for a writ of habeas corpus demanding his immediate release. The commissioner subsequently filed an application for a first retention order on November 12, 1982. County Court dismissed the commissioner's application because the necessary psychiatric affidavits in support of the application (CPL 330.20, subd 20) were not completed prior to September 16, 1982, the last day on which the commissioner could have timely sought an order of retention against petitioner. Accordingly, County Court ordered that petitioner be discharged from the commissioner's custody insofar as he was being detained pursuant to CPL 330.20. This appeal by respondents ensued.

It is significant to note that on the same date that the order of County Court was entered, December 9, 1982, petitioner was civilly committed to the custody of the commissioner on the basis of two physician certifications pursuant to section 9.27 of the Mental Hygiene Law. His confinement under the provisions of the Mental Hygiene Law presently continues. Despite the commissioner's current and continual retention of custody over petitioner, respondents have pursued this appeal due to the fact that patients who are committed under the provisions of the CPL are subject to different degrees of control and procedures than those committed under the civil provisions of the Mental Hygiene Law (compare CPL 330.20, with Mental Hygiene Law, art 29). While we are aware of the potential constitutional problems which these differences may pose as a result of *Matter of Torsney* (*State Comr. of Mental Hygiene — Gold*) (47 NY2d 667) and *Jackson v Indiana* (406 US 715) (see Bellacosa, 1980 Supplementary

Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 330.20, p 17, 1982-1983 Pocket Part), we need not address those issues since they were neither raised before County Court nor in the briefs filed on this appeal.

The narrow issue presented for our resolution is whether the failure of the commissioner to comply with the time requirements of CPL 330.20 (subd 8) requires the release of a patient under his custody. We hold that it does not. While we certainly do not condone the commissioner's failure to fulfill his statutorily mandated duties, we do not find it to be the legislative intent to punish that dereliction by releasing a potentially dangerous patient into the community without judicial inquiry into his mental condition. That result would not only be contrary to the spirit of CPL 330.20, which requires a court order based upon psychiatric evaluations before a patient may be either retained *or* released, but would punish the public for a mistake made by the commissioner. Since a reading of CPL 330.20 indicates a clear desire on the Legislature's part to protect the interests of both society and those who have been acquitted of criminal charges because of a mental disease or defect, we refuse to totally ignore the public interests involved by allowing a patient to be released whenever the commissioner overlooks a filing deadline (see *People ex rel. Augustowski v Commissioner of Mental Health,* Supreme Ct, Suffolk County, March 16, 1983, KUTNER, J. [holding that the failure to comply with similar time provisions in CPL 330.20 (subd 9) does not require release of patient]). Moreover, allowing a patient's release without judicial inquiry into his mental condition whenever the commissioner failed to meet a CPL 330.20 time limitation would circumvent the statutory procedure. A commissioner who desired to have a patient released could simply fail to make a timely application for such release and thus obviate the mandated psychiatric and judicial analysis of his mental condition.

When the commissioner fails to apply within the prescribed time period for an order of retention or release, the patient's remedy is to compel the filing of that application by a CPLR article 78 proceeding. Such a remedy was

unnecessary in this case because the commissioner responded to petitioner's habeas corpus proceeding by applying for a first retention order. This application, which was accompanied by the psychiatric documentation required by CPL 330.20 (subd 20), was dismissed by County Court for the sole reason that the affidavits were made beyond the September 16, 1982 date when the commissioner could last have filed a timely application regarding petitioner's status. It was error for County Court to dismiss the commissioner's belated application on this ground. Once the court was presented with a properly supported application, it should have disregarded the fact that it was not timely made and disposed of the application under the standards set forth in CPL 330.20 (subd 8).

In view of the time which has elapsed since the commissioner applied for a first retention order on November 12, 1982 and the possibility that petitioner's mental condition may have changed during the interim period, we deem it appropriate to direct the commissioner to immediately make a new application for a first retention order or release order with a current psychiatric affidavit rather than remit the matter to County Court for disposition of the application previously made.

The order should be reversed, on the law, without costs, and petition dismissed; respondent Commissioner of Mental Health is directed to make application pursuant to CPL 330.20 (subd 8) regarding John Logatto within 10 days of the entry and service of a copy of the order herein.

SWEENEY, KANE, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, without costs, and petition dismissed; respondent Commissioner of Mental Health is directed to make application pursuant to CPL 330.20 (subd 8) regarding John Logatto within 10 days of the entry and service of a copy of the order herein.