■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE THORPE, Appellant, v MARTIN VON HOLDEN, as Director of Rochester Psychiatric Center, et al., Respondents. — Judgment unanimously affirmed, without costs, and respondent Commissioner of the Department of Mental Health directed to make application pursuant to CPL 330.20 (subd 8) regarding George Thorpe within 10 days of service of a copy of the order herein, with notice of entry. Memorandum: Relator has been confined in the Rochester Psychiatric Center since January 12, 1979 pursuant to an order of commitment issued by County Court following a verdict in a nonjury trial that by reason of mental disease or defect relator was not responsible for the crime of assault in the second degree. In seeking his release on a writ of habeas corpus, relator contends that respondent Commissioner of Mental Health has failed to comply with the time, notice and hearing requirements of CPL 330.20 (subds 8, 9). He concludes, therefore, that he is being detained in custody without a lawful order of commitment. County Court dismissed the writ, and relator appeals. What purports here to be a "first retention order" under CPL 330.20 (subd 8) was issued prematurely on September 1, 1981 without affording relator the hearing which he duly demanded. That order authorized relator's continued detention for a period not to exceed one year. Even if we were to assume the validity of the first retention order, the commissioner's application for a second retention order was not made until February 28, 1983 and was, therefore, untimely (see CPL 330.20, subd 9). It does not appear that there have been any further proceedings on that application and in any event, we would now deem the psychiatric averments contained therein as stale. Despite the failure of compliance with the time, notice and hearing requirements of CPL 330.20 (subds 8, 9), relator is not entitled to be released on a writ of habeas corpus (see *People ex rel. Logatto v Hanes*, 93 AD2d 676). On a proper demand, however, relator must be afforded a prompt hearing upon an application properly made by the commissioner pursuant to the duty imposed upon him under CPL 330.20 (subd 8). The commissioner is directed, in accordance with the order herein, to make a new application, upon a current psychiatric affidavit, for a first retention order or release order. (Appeal from judgment of Monroe County Court, Maloy, J. — habeas corpus.) Present — Dillon, P. J., Doerr, Boomer, O'Donnell and Schnepp, JJ.

■ RONALD E. DILLS et al., Appellants, v ROBERT M. RUBY et al., Respondents. — Judgment unanimously affirmed, without costs, for reasons stated at Chautauqua County Court, Adams, J. (Appeal from judgment of Chautauqua County Court, Adams, J. — RPAPL art 15.) Present — Dillon, P. J., Doerr, Boomer, O'Donnell and Schnepp, JJ.