OPINION OF THE COURT
Jasen, J.
This appeal involves review of the Insanity Defense Reform Act of 1980 (L 1980, ch 548, as amd) to determine the applicable burden of proof to be applied to justify continued confinement of a defendant acquitted of a crime by virtue of a defense of insanity. More specifically, w'e are asked to decide whether the People’s statutorily placed burden of proof — “to the satisfaction of the court” — is *435 fulfilled when the People establish by a fair preponderance of the credible evidence, rather than by clear and convincing evidence, that the defendant continues to suffer from a dangerous mental disorder or is mentally ill. (CPL 330.20, subds 6, 8.)[1] We hold that it is, and accordingly reverse the order of the Appellate Division and remit the matter for a new retention hearing at which additional evidence may be presented in order that an accurate and comprehensive *436 evaluation of defendant’s present mental condition can be made.
Defendant entered th,8 apartment of George Rodriguez on May 22,1980 and stabbed Miguel Carrasquillo. He was arrested and charged with two counts of burglary in the first degree, two counts of assault in the second degree and criminal possession of a weapon in the fourth degree. After being evaluated as incompetent to stand trial, defendant was committed to the care and custody of the Department of Mental Hygiene for a maximum term of one year. Thereafter, defendant was admitted to the Mid-Hudson Psychiatric Center.
Approximately three months later, defendant was certified as competent to stand trial and was returned to Bronx County Supreme Court. On June 1, 1981, after a nonjury trial, defendant was found not responsible for the crimes charged by reason of mental disease or defect pursuant to section 30.05 of the Penal Law. At this time, the court signed an examination order, pursuant to CPL 330.20 (subd 2), requiring that defendant submit to a psychiatric examination to determine whether he had either a dangerous mental disorder (CPL 330.20, subd 1, par [c])[2] or was mentally ill (CPL 330.20, subd 1, par [d]).[3] After defendant was examined by three psychiatrists, an initial commitment hearing was held pursuant to CPL 330.20 (subd 6). While all of the doctors diagnosed defendant as mentally ill, only the two court-appointed psychiatrists, Drs. Vandenbergh and Chellappa, testified that defendant was dangerous. Defendant’s retained psychiatrist, Dr. Goldstein, stated that defendant was not dangerous.
*437 After reviewing the doctors’ reports, the court held that the District Attorney could satisfy his burden at the hearing only by establishing defendant’s mental disorder by clear and convincing evidence. The court then found that the burden had been satisfied and adjudged defendant to be suffering from a dangerous mental disorder. Accordingly, on October 16,1981, defendant was committed for confinement in a secure facility for a period of six months. After unsuccessfully petitioning for habeas corpus relief, defendant was readmitted to the Mid-Hudson Psychiatric Center.
Thereafter, defendant moved for a rehearing and review of the commitment order. That proceeding was consolidated with a first retention hearing which was required to be held upon the expiration of the original order of commitment. Following the testimony of Drs. Vandenbergh and Chellappa and defendant’s new retained psychiatrist, Dr. Eshkenazi, the court agreed that respondent had a dangerous mental disorder at the time he was originally committed, but went on to hold that the District Attorney failed to prove by clear and convincing evidence either that defendant continued to suffer from a dangerous mental disorder or that he was presently mentally ill. Defendant was then granted a conditional release.
On appeal, the Appellate Division held that the clear and convincing standard was the proper burden to impose on the District Attorney at both the initial commitment and first retention hearings, but modified the order of Supreme Court holding that in light of defendant’s dangerous propensities that part of the order of conditions allowing for defendant and the director of his treatment program to mutually agree to defendant’s release should be deleted and replaced by a provision stating that defendant could be released only after a court hearing is held at which the Commissioner of Mental Health would be made a party. We granted the People’s motion to appeal to this court.
Preliminarily, we note that defendant has abandoned his argument raised below that hearings held pursuant to *438 CPL 330.20 are not civil proceedings and that no appeal lies in favor of the District Attorney from the order of Supreme Court absent specific statutory authority. Defendant now states, and correctly so, that such hearings were intended to conform to the requirements for civil commitments. (See Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 330.20, p 24.) Thus, the appeals taken to both the Appellate Division and this court being civil in nature properly lie. (See CPL 330.20, subd 21, par [c] [eff Aug. 8, 1983].)
The central issue raised on this appeal concerns the appropriate burden of proof which the District Attorney must satisfy before an insanity acquittee such as the defendant here can be determined to be either mentally ill or suffering from a dangerous mental disorder so that continued confinement in the custody of the commissioner is justified. Defendant argues that the courts below correctly applied the clear and convincing standard while the People contend that only proof by a preponderance of the evidence is required.
Our starting point in resolving this dispute is the language of the statute itself. Both subdivisions 6 and 8 of CPL 330.20 require that defendant’s mental disorder be established “to the satisfaction of the court”. While the People argue that this term on its face bespeaks a lenient burden akin to the preponderance standard, we do not believe that this can be conclusively said without resort to an examination of the history of the statute and the reports urging its adoption. Unfortunately, those reports do not contain a clear indication of what burden the Legislature intended the District Attorney to carry. As best as we can glean from the available materials, the Legislature intended only that the burden comply with Federal constitutional requirements.
In the 21-page report of the Law Revision Commission, the sole reference to the District Attorney’s burden of proof is in a footnote stating, inter alia, that the- District Attorney bears the burden of proving defendant’s mental disorder and that “he must establish to the satisfaction of the *439 court that the defendant is either mentally ill or has a dangerous mental disorder.” (1981 Report of NY Law Rev Comm, McKinney’s Session Laws of NY, 1981, p 2266, n 36.) The citation to Addington v Texas (441 US 418) which follows this statement is unexplained. Although the Supreme Court in Addington held that proof of mental incapacity by clear and convincing evidence is required before an individual who has not been acquitted of a crime by virtue of having a mental disorder can be involuntarily committed to a State mental hospital, our legislators declined to incorporate the “clear and convincing” standard into CPL 330.20. By declining to do so, the Legislature intended that the courts should apply whatever standard was found to satisfy Federal constitutional requirements.
The Federal constitutional due process standard has recently been defined. (Jones v United States, 463 US_, 103 S Ct 3043.) In Jones, the Supreme Court upheld the validity of a District of Columbia statute that requires a defendant, who has been acquitted of a crime by reason of insanity, to establish that he has regained his sanity in order to be released. The burden imposed upon the defendant by that statute is a preponderance of the credible evidence. Thus, the New York statute, which places the burden of proof upon the District Attorney, rather than the defendant, to show that an insanity acquittee is either mentally ill or has a dangerous mental disorder, provides greater due process protection to the defendant than is required under the Federal Constitution.[4] It necessarily follows that in view of the placement of the burden of proof upon the District Attorney, it is constitutionally permissible to only require the District Attorney to prove defendant’s mental defect by a preponderance of the evidence *440 rather than by the more demanding clear and convincing standard.
The preponderance standard not only satisfies due process and equal protection requirements, but also best fulfills the Legislature’s purpose in enacting the subject statutory scheme — “to ensure the safety of the public and to safeguard the rights of defendants found not responsible”. (1981 Report of NY Law Rev Comm, McKinney’s Session Laws of NY, 1981, at p 2251.) To require the District Attorney to prove defendant’s mental disorder by clear and convincing evidence would impose far too heavy a burden upon the prosecutor, who a short time earlier was required to demonstrate (but was unsuccessful in his attempt at trial) by proof beyond a reasonable doubt that the defendant was criminally responsible when he committed the subject crimes. Imposing the heavier burden would unnecessarily increase the risk that a person suffering from a mental disorder who had previously engaged in criminal behavior will be released from custody prematurely. The dangers to the public and the defendant himself from such a result are self-evident and it is precisely that situation which we believe the Legislature sought to avoid. We hold, therefore, that the preponderance of the evidence standard, and not that requiring clear and convincing evidence, should have been applied at both the initial commitment and first retention hearings. (See Warren v Harvey, 632 F2d 925, cert den 449 US 902.) Since the incorrect standard of proof was applied in assessing whether the People had satisfied their burden of proving that the defendant still suffers from a dangerous mental disorder, a new hearing must be held. At that hearing, both parties should be permitted to offer additional evidence to assist the court in evaluating defendant’s present mental condition.
Finally, we note that although the question was not at issue in Matter of Torsney (State Comr. of Mental Hygiene — Gold) (47 NY2d 667, 676), we indicated in dicta that the same procedural and substantive standards should be applied in both civil commitment proceedings and proceedings to continue insanity acquittees in the custody of the *441 commissioner. In view of the subsequent decisions of the Supreme Court holding that before a civil committee can be confined, the State must prove by clear and convincing evidence that he is insane (Addington v Texas, 441 US 418, supra) while upholding a statute which imposed the burden of proving sanity on an insanity acquittee who seeks to be released from custody (Jones v United States, supra), our statement in Torsney that the same standard should be applied in both proceedings is no longer viable.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the case remitted to Supreme Court for a new hearing.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, without costs, and case remitted to Supreme Court, Bronx County, for a new hearing.

. CPL 330.20 (subds 6, 8) as they existed on March 15,1982, the date of application for a first retention hearing, provided as follows:
“6. Initial hearing; commitment order. After the examination reports are submitted, the court must, within ten days of the receipt of such reports, conduct an initial hearing to determine the defendant’s present mental condition. If the defendant is in the custody of the commissioner pursuant to an examination order, the court must direct the sheriff to obtain custody of the defendant from the commissioner and to confine the defendant pending further order of the court, except that the court may direct the sheriff to confine the defendant in an institution located near the place where the court sits if that institution has been designated by the commissioner as suitable for the temporary and secure detention of mentally disabled persons. At such initial hearing, the district attorney must establish to the satisfaction of the court that the defendant has a dangerous mental disorder or is mentally ill. If the court finds that the defendant has a dangerous mental disorder, it must issue a commitment order. If the court finds that the defendant does not have a dangerous mental disorder but is mentally ill, the provisions of subdivision seven of this section shall apply.”
“8. First retention order. When a defendant is in the custody of the commissioner pursuant to a commitment order, the commissioner must, at least thirty days prior to the expiration of the period prescribed in the order, apply to the court that issued the order, or to a superior court in the county where the secure facility is located, for a first retention order or a release order. The commissioner must give written notice of the application to the district attorney, the defendant, counsel for the defendant, and the mental health information service. Upon receipt of such application, the court may, on its own motion, conduct a hearing to determine whether the defendant has a dangerous mental disorder and it must conduct such hearing if a demand therefor is made by the district attorney, the defendant, counsel for the defendant or the mental health information service within ten days from the date that notice of the application was given to them. At such hearing, the district attorney must establish to the satisfaction of the court that the defendant has a dangerous mental disorder or is mentally ill. If the court finds that the defendant has a dangerous mental disorder it must issue a first retention order. If the court finds that the defendant is mentally ill but does not have a dangerous mental disorder, it must issue a first retention order and, pursuant to subdivision eleven of this section, a transfer order and order of conditions. If the court finds that the defendant does not have a dangerous mental disorder and is not mentally ill, it must issue a release order and an order of conditions pursuant to subdivision twelve of this section.”
A 1982 amendment to CPL 330.20 transfers the burden of proof at retention hearings to the Commissioner of Mental Health while giving the District Attorney the option to appear and present evidence at the hearing. (CPL 330.20, subds 8, 9; see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 330.20, p 25.) The amending legislation provided that the amendment “shall take effect on the sixtieth day after it shall have become a law [July 13, 1982] and shall apply only to hearings commenced by applications filed on or after such date.” (McKinney’s Cons Laws of NY, Book 11 A, Historical Note to CPL 330.20, p 22.) Since the application for a first retention hearing in this case was made on March 15, 1982, the predecessor statute placing the burden of proof on the District Attorney is applicable. (See CPL 330.20, former subd 8.)

. “ ‘Dangerous mental disorder’ means: (i) that a defendant currently suffers from a ‘mental illness’ as that term is defined in subdivision twenty of section 1.03 of the mental hygiene law, and (ii) that because of such condition he currently constitutes a physical danger to himself or others.” (CPL 330.20, subd 1, par [c].)

. “ ‘Mentally ill’ means that a defendant currently suffers from a mental illness for which care and treatment as a patient, in the in-patient services of psychiatric center under the jurisdiction of the state office of mental health, is essential to such defendant’s welfare and that his judgment is so impaired that he is unable to understand the need for such care and treatment; and, where a defendant is mentally retarded, the term ‘mentally ill’ shall also mean, for purposes of this section, that the defendant is in need of care and treatment as a resident in the in-patient services of a developmental center or other residential facility for the mentally retarded and developmentally disabled under the jurisdiction of the state office of mental retardation and developmental disabilities.” (CPL 330.20, subd 1, par [d].)

. Although not vigorously disputed by defendant, we note that our decision today fully comports with equal protection guarantees as well as due process even though we impose a less demanding burden of proof in this case than we would in a case such as Addington v Texas (441 US 418) where the State seeks to commit an individual who has not engaged in criminal conduct. As the Supreme Court recognized in Jones v United States (463 US_,_, 103 S Ct 3043,3051), there are important “differences between the class of potential civil-commitment candidates and the class of insanity acquittees that justify differing standards of proof.” (See, also, Warren v Harvey, 632 F2d 925, 930, cert den 449 US 902.)