■ In the Matter of RICHARD S., Appellant. [617 NYS2d 808] — In a proceeding pursuant to CPL 330.20 (9) for a subsequent retention order, the appeal is from an order of the Supreme Court, Queens County (Beerman, J.), dated August 31, 1992, which, after a hearing, granted the application.

Ordered that the order is affirmed, without costs or disbursements.

In 1981, the appellant was committed to a secured psychiatric facility pursuant to CPL 330.20 after he was found not responsible for attempted murder by reason of mental disease or defect. When a subsequent retention order expired, on August 16, 1989, the appellant was in the custody of the New York State Department of Correction based on his 1988 conviction for a murder which was unrelated to his original commitment. That conviction was later reversed by the Court of Appeals, and a new trial ordered. The Commissioner of the New York State Office of Mental Health commenced this proceeding after the District Attorney elected not to retry that case.

The Supreme Court properly denied the appellant's motion to dismiss the proceeding. Although the appellant was not in the Commissioner's custody pursuant to a subsequent retention order at the time this proceeding was commenced *(see,* CPL 330.20 [9]), dismissal of the proceeding and release of the appellant without a hearing to determine his current mental condition would be in contravention of the Legislature's intent to protect both the appellant and the public *(see, People ex rel. Logatto v Hanes,* 93 AD2d 676, 678; *Augustowski v Commissioner of Off. of Mental Health,* 118 Misc 2d 277).

In addition, it was not improper for the Supreme Court to limit the appellant's experts to offering their observations, thereby precluding them from testifying to their opinions. The appellant provided the Commissioner with a list of the experts he intended to call, but did not disclose any details as to the

substance of their opinions or the grounds therefor *(see,* CPLR 3101 [d]). Because the Commissioner's ability to prepare for the hearing was impaired, the Supreme Court did not improvidently exercise its discretion by precluding the appellant's experts from offering their opinions *(see, Corning v Carlin,* 178 AD2d 576).

Finally, the Commissioner proved by a fair preponderance of the credible evidence that the appellant suffered a dangerous mental disorder, as defined in CPL 330.20 (1) (c) *(see, People v Escobar,* 61 NY2d 431). The experts, including those who testified on behalf of the appellant, agreed that the appellant had not yet resolved certain anxieties which had contributed to his past violent impulses and caused him to murder or assault his victims. Moreover, the appellant himself expressed concern that he might become violent again if released into the community. Furthermore, the experts agreed that the stimuli which had triggered the appellant's past violent behavior could neither be explained nor predicted. The Supreme Court therefore correctly concluded that it was most prudent, in the interest of protecting the public safety, to retain the appellant in a secured facility until he had resolved his conflicts *(see, People ex rel. Thorpe v Von Holden,* 63 NY2d 546, 555; *see also, People ex rel. Logatto v Hanes, supra; Matter of Seltzer v Hogue,* 187 AD2d 230). Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.