[663 NYS2d 317]

In the Matter of MICHAEL RR., Respondent. COMMISSIONER OF MENTAL HEALTH, Appellant.

Third Department, October 16, 1997

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Lisa Le Cours* of counsel), for appellant.

*Sheila E. Shea, Mental Hygiene Legal Services,* Albany, for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

We are asked to decide the proper burden of proof to be applied during a retention hearing held pursuant to CPL 330.20 (9) and (16). More precisely, the important issue before this Court is whether Supreme Court erred in requiring petitioner to establish by clear and convincing evidence, rather than by a fair preponderance of the credible evidence, that respondent is mentally ill, that in-patient services are essential to his well-being and that his judgment is so impaired that he does not understand the need for such care and treatment (*see,* CPL 330.20 [1] [d]). We find that the court did so err (*see, People v Escobar,* 61 NY2d 431). The added issue as to whether petitioner acquiesced in the improper charge and, therefore, did not properly preserve this issue for appellate review is academic because the error is of such fundamental magnitude to warrant our intervention, and reversal, in the interest of justice.

In 1986, respondent entered a plea of not responsible by reason of mental disease or defect to an indictment charging him with murder in the second degree, manslaughter in the first degree and criminal use of a firearm in the first degree. Those charges arose from the 1984 shooting death of his uncle. Thereafter, a hearing was held pursuant to CPL 330.20 (6) to determine the appropriate placement for respondent. County Court found that respondent suffered from a "dangerous mental disorder" (CPL 330.20 [1] [c]). As such, he was classified as a "track one" defendant.[1] A commitment order was issued placing respondent in petitioner's custody for confinement in a

---

1. The postverdict scheme of CPL 330.20 provides for "three alternative 'tracks' based upon the court's determination of the defendant's mental condition at the time of [the initial] hearing" pursuant to CPL 330.20 (6)

secure facility (*see*, CPL 330.20 [6], [1] [b]). Following a January 1989 determination that respondent no longer suffered from a dangerous mental disorder, he was transferred to Capital District Psychiatric Center (hereinafter CDPC), a nonsecure facility (*see*, CPL 330.20 [11]). At this time, respondent was still considered to be "mentally ill" (CPL 330.20 [1] [d]).

At issue before Supreme Court was petitioner's most recent application for continued retention of respondent at CDPC. Following a retention hearing and the authorization by Supreme Court (Keegan, J.) to continue retention, respondent requested a rehearing by jury pursuant to CPL 330.20 (16). At the close of proof at the rehearing and Supreme Court's charge, the jury found that respondent continues to suffer from a mental illness, but his continued inpatient care and treatment were not proven by clear and convincing evidence to be essential to his welfare. Consequently, the jury never reached the third element, i.e., whether respondent's judgment is so impaired that he does not understand the need for such care and treatment. Following a judgment entered in respondent's favor, this Court granted petitioner's motion for leave to appeal (*see*, CPL 330.20 [21]). A stay pending appeal is currently in place.

Because respondent was initially classified as suffering from a dangerous mental disorder, it was incumbent upon petitioner at periodic court reviews to prove "to the satisfaction of the court" that continued custodial retention was necessary (CPL 330.20 [8], [9]). The parties sharply dispute what standard of proof satisfies a showing "to the satisfaction of the court". Petitioner claims that its burden was the lesser fair preponderance of the credible evidence standard while respondent claims that Supreme Court charged the correct burden of proof, i.e., clear and convincing evidence.

Although CPL 330.20 (9) is silent regarding the quantum of proof needed to satisfy the court in a retention proceeding, the Court of Appeals decision in *People v Escobar* (61 NY2d 431, *supra* [hereinafter *Escobar*]) leads us to the inescapable conclusion that the preponderance of the credible evidence is the applicable standard of proof (*see, e.g., Matter of Crumpley v Wack*, 212 AD2d 299, *lv dismissed and denied* 86 NY2d 808; *Matter of Richard S.*, 208 AD2d 750, *lv denied* 86 NY2d 704; *Matter of Torres*, 166 AD2d 228, *affd* 78 NY2d 1085). In that case, the

(Report of NY Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2265; *see, People v Stone*, 73 NY2d 296, 300).

Court of Appeals found that the statutory burden of proof "to the satisfaction of the court" is fulfilled when it is established by a fair preponderance of the credible evidence that a defendant continues to be either mentally ill or suffering from a dangerous mental disorder such that continued confinement is justified (*see, People v Escobar, supra,* at 438-440). Here, as in *Escobar* (*see, id.*, at 440), applying the preponderance of the credible evidence standard at "[s]econd and subsequent retention" hearings (CPL 330.20 [9]) satisfies constitutional requirements of due process and equal protection while concomitantly fulfilling the Legislature's purpose behind the statutory scheme of CPL 330.20—"to ensure public safety and safeguard the rights of the mentally disabled offender" (Governor's Approval Mem, 1980 McKinney's Session Laws of NY, at 1880; *see,* Report of NY Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2251). And, although this is a lesser burden than that which is required in normal civil commitment proceedings (*see, Addington v Texas,* 441 US 418), this distinction has been repeatedly justified (*see, e.g., Matter of Francis S.,* 87 NY2d 554, 563 [defendants, having once engaged in criminal conduct as a result of mental illness, may be regarded as a separate class even when no longer diagnosed with a dangerous mental disorder]; *see also, Matter of Oswald N.,* 87 NY2d 98, 105).

In an attempt to distinguish *Escobar,* respondent claims that its holding is limited to initial commitment hearings (*see,* CPL 330.20 [6]) and first retention applications (*see,* CPL 330.20 [8]) and "cannot be broadly construed to require the preponderance of the evidence standard to be applied in all subsequent CPL 330.20 retention proceedings". We disagree. While respondent correctly points out that *Escobar* did not involve a hearing pursuant to CPL 330.20 (9), we find its holding no less applicable to the instant proceeding because the Court was analyzing the phrase "to the satisfaction of the court" in determining the applicable burden of proof—language which appears in CPL 330.20 (6), (8) *and* (9). To this end, we note that the Court of Appeals in *People ex rel. Thorpe v Von Holden* (63 NY2d 546), referencing, *inter alia,* CPL 330.20 (9), stated: "It is the Commissioner who must make application for a retention order and the Commissioner or the District Attorney who has the burden of establishing *by a fair preponderance of the evidence* that the defendant is not entitled to release [citations omitted]" (*id.*, at 554 [emphasis supplied]).

Nor are we persuaded by respondent's claim that his transfer from a secure to a nonsecure facility in effect "rebutted the presumption of dangerousness" so that the clear and convinc-

ing burden of proof applicable in civil commitment proceedings under the Mental Hygiene Law should be applicable in this case. Where a person is originally classified as having a dangerous mental disorder, all "[s]ubsequent proceedings regarding retention and release remain subject to the provisions of * * * CPL 330.20" (Report of NY Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2277; see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 330.20, at 24). Adopting respondent's position would run counter to the clear intent of the Legislature. Consistent with this legislative intent, the Court of Appeals has noted that an individual's classification following an initial CPL 330.20 hearing affects such individual's status in *all* future commitment proceedings, even in the event that such individual is reclassified as mentally ill but without a dangerous mental disorder (*see, Matter of George L.*, 85 NY2d 295, 302, n 2).

Because the Legislature did not intend for a reclassified person to receive the "benefit" of having retention proceedings governed by the Mental Hygiene Law, petitioner was not required to prove continued retention by the higher standard of proof. Therefore, respondent's retention hearings are to be governed by the provisions of CPL 330.20 (9) and continued retention must be established by a fair preponderance of the credible evidence.[2] Because the incorrect standard of proof was charged and this Court will not attempt to guess what the jury might have done had the correct standard been applied, a new hearing is required (*see, People v Escobar*, 61 NY2d 431, *supra*).

Petitioner's remaining contentions—that Supreme Court erred in its substantive charge to the jury and that the verdict is against the weight of the evidence—were not preserved for review by an appropriate objection or postverdict motion and do not warrant our intervention in the interest of justice.

CARDONA, P. J., MERCURE, PETERS and SPAIN, JJ., concur.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

2. We are unconvinced that the Court of Appeals language in a footnote in *People ex rel. Thorpe v Von Holden* (*supra*, at 555, n 2) warrants a contrary result.