■ In the Matter of BARRY V., Appellant. STEVEN SCHWARZKOPF, M.D., Respondent. [849 NYS2d 136]—

Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered November 8, 2006 in a proceeding pursuant to CPL 330.20 (9). The order granted the application of petitioner for a subsequent retention order and authorized the Commissioner of the New York State Office of Mental Health to retain respondent for a period not to exceed two years from April 16, 2006.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent, who appeals by permission of this Court, contends that Supreme Court erred in granting petitioner's application for a subsequent retention order based upon the determination, following a hearing pursuant to CPL 330.20 (9), that he suffers from a dangerous mental disorder. The term dangerous mental disorder is defined as a mental illness, as a consequence of which the respondent "currently constitutes a physical danger to himself or others" (CPL 330.20 [1] [c] [ii]; *see Matter of Jamie R. v Consilvio*, 6 NY3d 138, 141-143 [2006]). Respondent does not dispute that he suffers from a mental ill-

ness, but he contends that the petitioner failed to establish by the requisite preponderance of the evidence that he presents a danger to himself or others. We reject that contention (*see People v Escobar*, 61 NY2d 431, 439-440 [1984]). We afford deference to the court's determination made after the hearing during which respondent testified and two psychiatric experts gave conflicting opinions, inasmuch as the court was "in the best position to observe [respondent's] behavior as well as evaluate the weight and credibility of the . . . conflicting testimony of the . . . psychiatric experts" (*Matter of George L.*, 85 NY2d 295, 305 [1995]; *see Matter of Timothy M.*, 307 AD2d 295 [2003]). The court's determination is supported by evidence establishing that respondent had "a history of prior relapses into violent behavior, substance abuse or dangerous activities upon release or termination of psychiatric treatment [and by] evidence establishing that continued medication is necessary to control [respondent's] violent tendencies and that [respondent] is likely not to comply with prescribed medication because of a prior history of such noncompliance" (*George L.*, 85 NY2d at 308; *see Matter of Francis S.*, 87 NY2d 554, 561 [1995]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.