# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 4, 2014                    516448
_____

In the Matter of JAMES Q.

COMMISSIONER OF THE OFFICE FOR
   PEOPLE WITH DEVELOPMENTAL
   DISABILITIES,                                      OPINION AND ORDER
              Respondent;

JAMES Q.,

              Respondent,

    and

SUFFOLK COUNTY DISTRICT
   ATTORNEY,

              Appellant.
_____


Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
         Clark, JJ.

_____


     Thomas J. Spota, District Attorney, Riverhead (Guy
Arcidiacono of counsel), for appellant.

     Eric T. Schneiderman, Attorney General, Albany (Andrew B.
Ayers of counsel), for Commissioner of the Office for People with
Developmental Disabilities, respondent.

     Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Jeanne N. Cox of counsel), for James Q., respondent.

_____

McCarthy, J.

Appeal, by permission, from an order of the Supreme Court (Feldstein, J.), entered February 14, 2013 in Franklin County, which granted petitioner's application pursuant to CPL 330.20 for a furlough order, and issued a furlough order with conditions.

Respondent James Q. (hereinafter respondent) is confined to a secure facility operated by the Office for People with Developmental Disabilities (hereinafter OPWDD). He is confined due to his 2010 plea to certain criminal charges of not responsible by reason of mental disease or defect, as well as two subsequent retention orders, all of which found that he suffered from a dangerous mental disorder (see CPL 330.20 [2], [6], [8], [9]). Petitioner commenced this proceeding seeking a furlough order, subject to strict conditions, that would allow respondent to leave the secure facility while being accompanied and supervised by OPWDD staff (see CPL 330.20 [10]). Respondent Suffolk County District Attorney (hereinafter the DA) opposed the application. After the parties agreed to proceed on stipulated facts, Supreme Court indicated its intention to issue a furlough order. The court permitted the parties to submit suggested conditions for such an order, then issued an order with certain conditions. The DA appeals.

Supreme Court was required to issue a furlough order and did not abuse its discretion as to the terms and conditions of that order. A furlough order is defined as "an order directing [petitioner] to allow a defendant in confinement pursuant to a commitment order, recommitment order or retention order to temporarily leave the facility for a period not exceeding [14] days, either with or without the constant supervision of one or more employees of the facility" (CPL 330.20 [1] [k]). The relevant provision for the application and issuance of a furlough order reads, in pertinent part, as follows:

> "[Petitioner] may apply for a furlough
> order, pursuant to this subdivision, when
> a defendant is in his [or her] custody
> pursuant to a commitment order,
> recommitment order, or retention order and

> [petitioner] is of the view that,
> consistent with the public safety and
> welfare of the community and the
> defendant, the clinical condition of the
> defendant warrants a granting of the
> privileges authorized by a furlough order.
> . . .  If the court finds that the
> issuance of a furlough order is consistent
> with the public safety and welfare of the
> community and the defendant, and that the
> clinical condition of the defendant
> warrants a granting of the privileges
> authorized by a furlough order, the court
> must grant the application and issue a
> furlough order containing any terms and
> conditions that the court deems necessary
> or appropriate" (CPL 330.20 [10]).

As an initial matter, we must address the standard of review relevant to a CPL 330.20 (10) furlough order. The Legislature specified that the DA has the burden on an initial hearing seeking a commitment order (see CPL 330.20 [6]). If petitioner seeks to retain a defendant in OPWDD custody, the Legislature placed the burden on petitioner to establish the elements necessary for retention (see CPL 330.20 [8], [9]). If petitioner seeks release and the DA opposes that relief, however, the Legislature placed the burden on the DA to establish the elements necessary for retention (see CPL 330.20 [8], [9]). Unlike those situations, the Legislature did not specify who bears the burden on a furlough application (see CPL 330.20 [10]). Because the statute does not assign the burden and petitioner is the only person authorized by the statute to apply for a furlough order, the only logical conclusion is that the Legislature intended for petitioner to bear the burden of proving that a furlough order should be granted. The Court of Appeals has determined that the preponderance of the evidence standard applies to commitment and retention orders (see Matter of George L., 85 NY2d 295, 303 [1995]; People v Escobar, 61 NY2d 431, 439-440 [1984]; see also Matter of Amir F., 94 AD3d 1209, 1210 [2012]; Matter of Michael RR. [Commissioner of Mental Health], 233 AD2d 30, 32-33 [1997], lvs dismissed 91 NY2d 921 [1998], 92

NY2d 886 [1998]).  Absent any legislative indication that a
different standard should apply and absent any constitutional
concerns, we hold that petitioner's burden on a furlough
application is to prove the appropriateness of a furlough order
by a fair preponderance of the credible evidence.

On appeal, we review de novo Supreme Court's determination
as to whether to grant a furlough order, but defer to the court's
determination regarding applicable terms and conditions.  The
statute states that if certain requirements are satisfied, "the
court must grant the application and issue a furlough order
containing any terms and conditions that the court deems
necessary or appropriate" (CPL 330.20 [10]).  The Legislature's
use of the word "must" indicates a lack of discretion, such that
an order is mandated upon proof that the statutory conditions are
established (cf. Matter of Kardos v Ryan, 28 AD3d 1050, 1051
[2006]; Matter of Phillips v Town of Clifton Park Water Auth.,
215 AD2d 924, 926 [1995]).  If an order is required by the
statute, however, the statute provides broad discretion to the
court regarding the inclusion of terms or conditions.  Thus, if
we determine that the evidence proves that a furlough order is
required, we will only disturb the terms and conditions of that
order if Supreme Court abused its discretion in that regard.

The facts regarding respondent's history and confinement
are largely uncontested.  He had lengthy psychiatric commitments
during his youth and currently has several mental health
diagnoses, including a mood disorder, disruptive behavior
disorder, mild mental retardation and a personality disorder with
narcissistic and antisocial traits.  The criminal charges that
led to his present commitment pertain to a violent physical
attack on his under-aged girlfriend, as well as his sexual
relations with her on a prior occasion.  Respondent was found to
have a dangerous mental disorder and he apparently has not
challenged his continued need for confinement to a secure
facility.  In support of petitioner's furlough application, a
licensed psychologist opined that the proposed furlough order was
consistent with the public safety and welfare of the community
and of respondent, and was otherwise consistent with respondent's
current clinical condition.  The psychologist explained that
outings and forays into the community are an important part of

the treatment program and would be introduced in steps that safeguard the community and provide adequate supervision of respondent. Respondent's positive behavior on medical appointments and improved behavior management in the facility have shown his ability to interact with others. Thus, respondent's treatment team supported a restricted, escorted furlough plan as a form of graduated increases in public interaction, under strict supervision of OPWDD employees, to further his treatment and assess his ability to eventually regain his liberty.

In opposition, the DA did not submit any evidence whatsoever, but argued that respondent's criminal behavior and plea, along with some of the behavior noted by the psychologist, render him inappropriate for furloughs. Given that every person who falls under the purview of CPL 330.20 is adjudged to have a mental disease or defect (see e.g. Matter of George L., 85 NY2d at 306), a mental disease or defect cannot logically, on its own, disqualify a person from a furlough under that statute. A plain reading of the statute shows that persons with dangerous mental disorders within the meaning of CPL 330.20 (1) (c) are potential candidates for furloughs; CPL 330.20 (10) provides certain consequences for anyone on a furlough who "fails to return to [a] secure facility," and the only persons appropriately residing in a secure facility on more than a temporary basis are those found to have a dangerous mental disorder (see Matter of David B., 97 NY2d 267, 278 [2002]). Several of the DA's concerns were unrealistic or overly alarmist regarding potential danger to the community, as the proposed furloughs were based on a risk management plan that required constant supervision of respondent.

Petitioner met its burden of proving by a fair preponderance of the evidence that a narrowly-tailored furlough order would be "consistent with the public safety and welfare of the community and [respondent]," and that his clinical condition warrants such an order (CPL 330.20 [10]). Thus, Supreme Court was required to grant a furlough order. Regarding the terms and conditions, the court ordered that the furloughs be escorted and conducted in accordance with respondent's OPWDD risk management plan. The treatment team's plan contained steps beginning with allowing respondent to ride to scenic locations in a van,

accompanied by two supervising staff members plus a driver, but never allowing him to leave the vehicle.  Each step required successful completion for a period of months before moving on to the next step, with each progressive step including either greater public interaction or fewer supervisors, although respondent would always be closely supervised by OPWDD staff on any outing.  The court also ordered that petitioner provide the DA with a copy of any summary of respondent's behavior on all furloughs, within a specific time afterward.  These strict conditions are reasonable and do not constitute an abuse of discretion.

Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court