People v Wachtel (2020 NY Slip Op 06872)





People v Wachtel


2020 NY Slip Op 06872


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Ind No. 1669/12 1669/12 Appeal No. 12437 Case No. 2019-1278 

[*1]The People of the State of New York, Respondent,
v
Henry Wachtel, Defendant-Appellant.


Epstein & Weil, LLC, New York (Ira Mickenberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen Stackhouse of counsel), for respondent.



Order, Supreme Court, New York County (Jill Konviser, J.), entered on or about September 28, 2018, which, upon a finding that defendant has a dangerous mental disorder, ordered his continued confinement in a secure psychiatric facility, unanimously affirmed, without costs.
After a hearing, the court correctly concluded that the People proved by a fair preponderance of the credible evidence that defendant has a dangerous mental disorder, which renders him a danger to himself or others, and which requires his continued confinement at a secure psychiatric facility (see CPL 330.20[6]; People v Escobar, 61 NY2d 431, 438 [1984]). [*2]The court's detailed findings are set forth in its decision (61 Misc 3d 1206[A], 2018 NY Slip Op 51378[U] [Sup Ct, NY County 2018]).
In 2012 defendant beat his mother to death during the period of recovery after an epileptic seizure. In 2014, on consent of the parties, he pleaded guilty by reason of mental disease or defect.
A "dangerous mental disorder" means that a defendant suffers from a "mental illness," and "because of such condition he currently constitutes a physical danger to himself or others" (CPL 330.20[1][c]; Mental Hygiene Law § 1.03[2]). Defendant does not dispute that there is ample evidence that defendant has mental illness, in addition to epilepsy and extensive polysubstance abuse.
The court's finding that defendant constitutes a physical danger to himself or others is also supported by ample evidence (see e.g. Matter of George L., 85 NY2d 295, 307-308 [1995]; Matter of New York State Off. of Mental Health v Joseph C., 126 AD3d 477 [1st Dept 2015], lv denied 25 NY3d 910 [2015]). Defendant argues that the only factors that rendered him dangerous on the day he killed his mother were his seizure and Keppra, an anticonvulsant medication that had failed to control his seizures and that increases irritability. Doctors have since changed his medication to Depakote, which has stopped his seizures; thus, he argues, he is no longer dangerous.
However, evidence submitted at the hearing shows that defendant has not consistently complied with his medication regimen, that while he has improved, he continues to struggle with substance abuse, and that he suffers from suicidal ideation. Moreover, the testimony established that use of illicit substances could undermine his ability to consistently take Depakote as prescribed and could lower the threshold for another seizure.
Thus, while defendant has improved since taking Depakote, he still suffers from numerous mental health disorders, has relapsed into substance abuse, and has a history of noncompliance with his medication regimen, all of which were factors leading to the murder of his mother years earlier, and which sufficiently demonstrate that he currently has a dangerous mental disorder.
Based on a fair preponderance of the evidence submitted, the court properly found that the People established that defendant is a danger to himself in light of his mental health issues, suicidal thoughts, and substance abuse. To the extent his historic and current noncompliance with medication, or a drug use relapse, could result in another seizure, he poses a danger to others (see e.g. Matter of George L., 85 NY2d at 307-308; Matter of New York State Off. of Mental Health v Joseph C., 126 AD3d at 477).
In reaching its conclusions, the court did not, as defendant argues, primarily rely on certain speculative parts of Dr. Sarah Schaffer's testimony, but instead relied on testimony from both prosecution and defense experts.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020