People v D.T. (2024 NY Slip Op 02672)

People v D.T.

2024 NY Slip Op 02672

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind. No. 1311/13 Appeal No. 2274 Case No. 2021-03097 

[*1]The People of the State of New York, Respondent,
v
D.T., Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Order, Supreme Court, Bronx County (Ralph Fabrizio, J.), entered on or about July 26, 2021, which, after a hearing, determined that defendant has a dangerous mental disorder requiring treatment in a secure psychiatric hospital and designating him a Track One insanity acquitee, unanimously affirmed, without costs.
The court correctly concluded that the People established by a fair preponderance of the credible evidence that defendant suffers from a dangerous mental disorder, which renders him a danger to himself or others, and which requires his confinement at a secure psychiatric facility (see CPL 330.20[6]; People v Escobar, 61 NY2d 431 [1984]). The court's ruling was supported by hearing evidence demonstrating defendant's relapses into violence; longtime drug addiction; extensive history of noncompliance with prescribed medication, which reasonably supports an inference of likely future noncompliance; lack of insight into his illness and need for medication; and unwillingness to accept responsibility for his criminal and dangerous acts (see Matter of George L., 85 NY2d 295 [1995]; Matter of Carpinello v Floyd A., 23 AD3d 179 [1st Dept 2005]). Evidence suggesting that defendant's reports of auditory hallucinations and past suicide attempts largely constituted malingering do not vitiate the court's conclusion regarding the nature and degree of his mental illness. There is no basis for disturbing the hearing court's credibility determinations as to the expert witnesses called by both parties (see Matter of George L., 85 NY2d at 305).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024