People v L.W. (2025 NY Slip Op 07229)

People v L.W.

2025 NY Slip Op 07229

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Ind. No. 70387/20|Appeal No. 4951|Case No. 2024-06343|

[*1]The People of the State of New York, Respondent,
v
L.W., Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Deborah Fox Rush and Claudia Montoya of counsel), and Appellate Litigation Clinic, New York (Dennis Fan of counsel), for appellant.
Darcel D. Clark, District Attorney (Katherine A. Triffon of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph A. McCormack, J.), entered on or about October 18, 2024, which, after a hearing, determined that defendant has a dangerous mental disorder requiring treatment in a secure psychiatric hospital and designating him a Track One insanity acquittee, unanimously affirmed, without costs.
The court correctly concluded that the People established by a fair preponderance of the credible evidence that defendant suffers from a dangerous mental disorder, which renders him a danger to himself or others, and which requires his confinement at a secure psychiatric facility (see CPL 330.20[6]; People v Escobar, 61 NY2d 431, 432 [1984]; People v D.T., 227 AD3d 509, 510 [1st Dept 2024]). The court's finding that defendant suffers from a dangerous mental disorder was supported by the submitted evidence demonstrating defendant's relapses into violent actions in his custodial placements, including one only days before the hearing and another during the pendency of the hearing. Evidence was also submitted regarding defendant's use of cannabis despite its negative effects on his mental health and resulting actions.
Defendant's insistence that the brain tumor was the sole cause of his psychosis and that medication was unnecessary, despite several hospitalizations for behavioral issues after his tumor was excised, reasonably supports an inference of likely future noncompliance and his lack of insight into his illness and need for medication (see Matter of George L., 85 NY2d 295 [1995]; Matter of Carpinello v Floyd A., 23 AD3d 179, 182 [1st Dept 2005]). There is no basis for disturbing the hearing court's credibility determinations as to the witnesses, particularly in discounting the testimony of the two defense witnesses. One of the defense witnesses failed to provide relevant incident reports until required by subpoena despite the reports' content documenting numerous violent actions while confined. This witness also unconvincingly concluded that the reports had no clinical significance. The other defense witness made conclusions without having full access to information including the unprovided incident reports (see Matter of George L., 85 NY2d at 305).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025