■ In the Matter of ARTO ZZ., Respondent. COMMISSIONER OF THE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Petitioner; NEW YORK COUNTY DISTRICT ATTORNEY, Appellant. [806 NYS2d 258]—

Crew III, J.P. Appeal, by permission, from an order of the Supreme Court (Feldstein, J.), entered June 27, 2005 in Franklin County, which granted petitioner's application pursuant to CPL 330.20 for a subsequent retention order, and issued a transfer order and order of conditions.

Respondent has been in the custody and care of petitioner, the Commissioner of the Office of Mental Retardation and Developmental Disabilities, since his acquittal of a charge of criminal contempt in 1986. In 2004, petitioner sought a retention order with an order directing respondent's transfer from the secure facility in which he resided to a nonsecure facility on the ground that respondent did not then have a dangerous mental disorder (*see* CPL 330.20 [1] [c] [ii]). The New York County District Attorney requested a hearing challenging the application for a transfer order.* Following the hearing, Supreme Court issued a retention order and an order directing respondent's transfer to a nonsecure facility, finding that respondent remained mentally ill within the meaning of CPL 330.20 (1) (c) (ii) and (d), but that he did not then have a dangerous mental disorder requiring continued confinement in a secure facility (*see* CPL 330.20 [9]). The District Attorney, by permission of this Court, appeals from so much of Supreme Court's order that directed respondent's transfer to a nonsecure facility.

The only question presented on this appeal is whether respondent, as the result of his mental illness, constituted a phys-

---

* During the hearing, petitioner withdrew his request for a transfer order. Respondent nevertheless continued to seek such an order.

ical danger to himself or others requiring his commitment to a secure facility, and the District Attorney had the burden of proving such dangerousness by a preponderance of the evidence (*see People v Escobar,* 61 NY2d 431, 439-440 [1984]). Here, there was but one expert witness, John Niederbuhl, respondent's treating psychologist for the past 10 years, who testified that respondent had made steady therapeutic progress during that time, that he did not perceive respondent as currently dangerous and that he believed transfer to a nonsecure facility was the appropriate next step in respondent's treatment. The District Attorney relies heavily upon the records of respondent's care and treatment, which demonstrate numerous instances of relapse, claiming that this evinces respondent's current dangerousness. While it is true that respondent's history of violent behavior can afford the basis for a finding of current dangerousness (*see Matter of George L.,* 85 NY2d 295, 308 [1995]), we note that respondent's records reflect that his last serious relapse was in 1995. Inasmuch as Supreme Court was in the best position to evaluate Niederbuhl's credibility and determine the weight to be given his testimony, we defer to that court's determination. Accordingly, the order is affirmed.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.