■ In the Matter of ERIC U. FRANKLIN COUNTY DISTRICT ATTORNEY, Respondent; ERIC U., Appellant. [835 NYS2d 518]—

Peters, J. Appeal, by permission, from an order of the County Court of Franklin County (Main, Jr., J.), entered March 6, 2006, which, in a proceeding pursuant to CPL 330.20, found that respondent has a dangerous mental disorder and committed him to the custody of the Commissioner of Mental Health for a period of six months.

Respondent was indicted for attempted murder in the second degree and attempted assault in the first degree after striking his father in the head with an ax. He was subsequently found not responsible by reason of mental disease or defect by plea (*see* CPL 220.15). County Court thereafter ordered that he undergo a psychiatric examination to determine if he had a dangerous mental disorder or whether he was mentally ill (*see* CPL 330.20 [1] [e]; [2]). At a hearing held pursuant to CPL 330.20 (6), respondent was found to be suffering from a dangerous mental disorder. He was, therefore, committed to the custody of the Commissioner of Mental Health for a period of six months. Respondent was granted leave to appeal by this Court.*

A finding that a person suffers from a dangerous mental disorder, such that a commitment to a secure facility is required, mandates that the district attorney demonstrate, by a fair preponderance of the evidence (*see People v Escobar*, 61 NY2d 431, 439-440 [1984]), that the person is a danger to himself or others (*see* CPL 330.20 [1] [c]; [6]; *Matter of Arto ZZ.*, 24 AD3d 947, 948 [2005], *lv denied* 6 NY3d 707 [2006]). As County Court is in the best position to not only observe that person's behavior but also evaluate the weight and credibility of the often conflicting medical and psychiatric experts, deference will be accorded to such court's factual determinations (*see Matter of George L.*, 85 NY2d 295, 305 [1995]) if they are properly supported by rec-

---

* The commitment order under review would have expired in September 2006. At the request of this Court, counsel has advised that by application dated August 8, 2006, a petition for a first retention order was made pursuant to CPL 330.20 (8). A hearing was thereafter requested by respondent and, although the application was returnable for August 30, 2006, counsel has informed us that the hearing will not be conducted until there is a determination of this appeal. As respondent's classification is one requiring track one status and such classification will affect him in all future proceedings concerning his commitment, this proceeding remains ripe for our review (*see Matter of George L.*, 85 NY2d 295, 302 [1995]).

ord evidence. Aside from "expert speculation" regarding a person's dangerousness, confinement may be based upon the following: "proof of a history of prior relapses into violent behavior, substance abuse or dangerous activities upon release or termination of psychiatric treatment, or upon evidence establishing that continued medication is necessary to control defendant's violent tendencies and that defendant is likely not to comply with prescribed medication because of a prior history of such noncompliance or because of threats or future noncompliance" (id. at 307, 308; see Matter of David B., 97 NY2d 267, 279 n 6 [2002]). Here, respondent was charged with attacking his father with an ax, causing serious injury. At the CPL 330.20 (6) commitment hearing, petitioner presented numerous exhibits which included photos of the injuries, the investigation done by the State Police, hospital records, and the reports of Mark Bernstein and Michael Stone, both psychiatrists, who evaluated respondent pursuant to an order of County Court (see CPL 330.20 [2], [5]). Bernstein's report indicated that respondent had a history of violent behavior, with "a low frustration tolerance level with severely impaired impulse control." Respondent has been "explosive, constantly breaking things, yelling, and screaming, . . . destroying property and has been physically assaultive to both his parents and former girlfriend." Bernstein's report also recounted respondent's history of noncompliance with prescribed psychiatric medication and untreated substance abuse problems, finally opining that respondent is "a disturbed young man who requires psychiatric care in a secure structured psychiatric facility." Stone's report noted respondent's increasing antisocial behavior from two years preceding this incident and otherwise confirmed Bernstein's evaluation and treatment recommendations.

Respondent presented both the report and testimony of Donald Fava, a psychologist. Fava concluded that respondent was at "no risk . . . for repeated homicidal behavior," testifying that respondent presents no risk to himself or society. He did agree that respondent needs treatment and suffers, to some degree, from bipolar disorder.

Recognizing these divergent opinions, we agree with County Court that the People proved, by a preponderance of the evidence, that respondent was a danger to himself or others, thereby justifying his commitment to a secure facility (see Matter of Arto ZZ., supra at 948). As to any contention that County Court erred in admitting the People's evidence without requiring the witnesses to be qualified as experts, respondent's counsel stipulated to the admission of their reports into evidence.

Next reviewing respondent's contention that he was denied the effective assistance of counsel, we must determine "whether counsel's performance 'viewed in totality' amounts to 'meaningful representation' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *accord People v De Marco*, 33 AD3d 1045, 1046 [2006]; *cf. Matter of Brian HH.*, 39 AD3d 1007 [2007]). The Court of Appeals has cautioned that "a reviewing court must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Baldi, supra* at 146; *see People v Thomas*, 33 AD3d 1053, 1055 [2006], *lv denied* 8 NY3d 885 [2007]; *People v Jackson*, 25 AD3d 1012, 1015 [2006], *lv denied* 6 NY3d 849 [2006]).

Here, defense counsel presented an opening statement which informed County Court that he was going to be presenting not only the report but also the testimony of Fava. Although he stipulated to the introduction of the reports of Bernstein and Stone, he clearly noted, on the record, that the stipulation was only to their admission, not their conclusions or factual recitations. As their submission was mandatory under these circumstances (*see* CPL 330.20 [5]), and the record reflects that defense counsel conducted a lengthy examination of Fava and made a persuasive summation, our objective evaluation reveals his reasonable competence. For these reasons, we affirm.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.