*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                519055
_____

In the Matter of ARTO ZZ.

COMMISSIONER OF THE NEW YORK
    STATE OFFICE FOR PEOPLE WITH
    DEVELOPMENTAL DISABILITIES,
                    Respondent;
                                        MEMORANDUM AND ORDER
ARTO ZZ.,

                    Respondent,

        and

NEW YORK COUNTY DISTRICT
    ATTORNEY,
                    Appellant.
_____

Calendar Date:   September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                    _____

        Cyrus R. Vance Jr., District Attorney, New York City
(Christine Ante of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for Commissioner of the New York State
Office for People with Developmental Disabilities, respondent.

        Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Charles Bayer of counsel), for Arto ZZ., respondent.

                    _____

McCarthy, J.

Appeal, by permission, from an order of the Supreme Court (Feldstein, J.), entered May 28, 2014 in Franklin County, which granted petitioner's application pursuant to CPL 330.20 to direct the release of respondent Arto ZZ. from an unsecure psychiatric facility under certain conditions.

Respondent Arto ZZ. (hereinafter respondent), who is mildly developmentally disabled, has been in the custody and care of petitioner since his 1986 acquittal of a criminal charge by reason of mental disease or defect (see CPL 330.20). In 2004, respondent was transferred from a secure to a nonsecure facility (Matter of Arto ZZ., 24 AD3d 947, 947 [2005], lv denied 6 NY3d 707 [2006]). In 2013, petitioner commenced this proceeding seeking respondent's release pursuant to an order of conditions, specifically requesting an order that respondent reside in a highly supervised intermediate care facility operated by the Office for People with Developmental Disabilities (hereinafter OPWDD) and comply with his service plan (see CPL 330.20 [12]). Respondent New York County District Attorney (hereinafter the DA) opposed the application. Following the presentation of the DA's case in opposition, petitioner moved for an order granting respondent's release. The DA cross-moved for dismissal of petitioner's application. Supreme Court granted petitioner's application, releasing respondent pursuant to a restrictive order of conditions. The DA appeals with this Court's permission (see CPL 330.20 [21] [a] [iii]).

Initially, Supreme Court correctly denied the DA's cross motion. Petitioner's expert psychologist apparently misunderstood the applicable legal definition, as is evident from his supporting affidavit. A person does not necessarily meet the legal definition of "mentally ill" just because he or she falls within the definition of that phrase that is used by the scientific or psychiatric community; this can make the law confusing for medical professionals. Nevertheless, the court relied on the expert's factual and medical determinations in his affidavit and annexed report, disregarding that medical expert's legal conclusions. Considering the appropriate factual information and accompanying opinion that respondent was suitable

for release with certain conditions, petitioner's application was legally sufficient (see CPL 330.20 [12], [20]).

Supreme Court did not err in granting petitioner's application to release respondent pursuant to an order of conditions. In reviewing a CPL 330.20 commitment determination, this Court's authority is as broad as that of the trial court and we may render any determination warranted by the record, though we defer to the trial court's factual and credibility findings (see Matter of Amir F., 94 AD3d 1209, 1212 [2012]; Matter of Stephen W., 90 AD3d 1166, 1170 [2011]; see also Matter of George L., 85 NY2d 295, 305 [1995]; Matter of Eric U., 40 AD3d 1148, 1149-1150 [2007], lv denied 9 NY3d 809 [2007]). If the court finds that a person committed pursuant to CPL 330.20 does not have a dangerous mental disorder but is mentally ill, that person must be confined in a nonsecure facility (see CPL 330.20 [12]; Matter of David B., 97 NY2d 267, 276-277 [2002]). If the court finds that the person is no longer mentally ill, it must release the person with an order of conditions (see CPL 330.20 [12]; Matter of Allen B. v Sproat, 23 NY3d 364, 370 [2014]). For purposes of CPL 330.20, a person with a developmental disability is considered "mentally ill" if he or she "is in need of care and treatment as a resident in the in-patient services of a developmental center or other residential facility for the . . . developmentally disabled under the jurisdiction of [OPWDD]" (CPL 330.20 [1] [d]). The DA had the burden to prove by a preponderance of the evidence that respondent met the statutory definition of a "mentally ill" person (see CPL 330.20 [12]; People v Escobar, 61 NY2d 431, 439-440 [1984]).

Although respondent undeniably was diagnosed with more than one mental illness, such diagnoses are insufficient to prove that he was "mentally ill" under the applicable statutory definition (see CPL 330.20 [1] [d]; Matter of David B., 97 NY2d at 279 [noting that "the statutory language limits the class of retained mentally ill individuals to those who must have inpatient care and treatment," among other requirements]). The report and affidavit of petitioner's expert indicated that respondent had improved such that he no longer required inpatient care and instead could function in a supervised intermediate care facility. The DA's expert disagreed, opining that respondent met

the definition of "mentally ill" because he needed constant supervision. Supreme Court reasonably discounted that expert's opinion because, despite his impressive credentials, he generally worked with mentally ill individuals who did not have developmental disabilities and he was not sufficiently familiar with OPWDD facilities and procedures. He also engaged in baseless speculation about respondent possibly eloping from the proposed residence and the potential difficulties in locating or returning him; such speculation cannot support the DA's burden (see Matter of George L., 85 NY2d at 307-308).[1] Contrary to the expert's testimony, respondent could be deemed no longer mentally ill even if he had a psychiatric diagnosis and still needed supervision. "A release order directs [petitioner] to terminate the defendant's in-patient status without ending his [or her] responsibility for the defendant" (Matter of Allen B. v Sproat, 23 NY3d at 370; see CPL 330.20 [1] [m]).

The DA relies heavily on Matter of David B. (97 NY2d at 277) to support his argument for retention of respondent. That case is not directly on point, as the statute provides a different definition of "mentally ill" for individuals who have developmental disabilities in addition to one or more diagnosed mental disorders (see CPL 330.20 [1] [d]). For those individuals with developmental disabilities, the statute does not require that their judgment be so impaired by a mental illness that they are "unable to understand the need for such care and treatment" (CPL 330.20 [1] [d]); this makes sense, as such inability could be related to developmental disabilities as opposed to mental illness. Even if that additional factor applied here, however, respondent acknowledged in his testimony that he needed constant

_____

[1] The DA contends that any of his expert's testimony concerning the proposed residence was irrelevant because Supreme Court never should have reached the secondary issue of conditions of release; according to this argument, the hearing should have only addressed the primary question of whether respondent needed to be confined due to his diagnosed mental illness. Contrary to this argument, the topic of conditions of release was properly raised at the hearing, and the court could use all of the hearing testimony to weigh the credibility of the DA's expert.

supervision, indicating that he understood the need for care and treatment.  While the DA's expert disagreed that respondent had any such understanding, Supreme Court found respondent credible and did not rely on that expert's testimony.  Thus, even under the definition of mentally ill that applies to individuals without developmental disabilities, the DA did not meet his burden.

Supreme Court correctly determined that respondent, who acknowledged that he needed constant supervision, could be released from inpatient care subject to certain conditions, including his residence in an intermediate care facility with 24-hour supervision by OPWDD staff.  Inasmuch as the DA failed to meet his burden of proving that respondent was "mentally ill" as defined in CPL 330.20 (1) (d), the court properly granted petitioner's application and released respondent subject to an order of conditions.

Lahtinen, J.P., Rose, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court