■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODELL B.-P., Appellant. [61 NYS3d 886]—

Order, Supreme Court, Bronx County (John W. Carter, J.), entered on or about April 1, 2015, which found that defendant currently suffers from a dangerous mental disorder and committed him to the custody of the Commissioner of Mental Health for confinement in a secure psychiatric facility for six months, unanimously affirmed, without costs.

After defendant was charged with possession of ammunition and criminal possession of a weapon in the second, third and fourth degrees, he was examined by a psychiatrist hired by the prosecutor and a psychologist hired by the defense. Based on their reports, the trial court accepted a plea of not responsible by reason of mental disease or defect. Thereafter, in accordance with CPL 330.20 (2), the court immediately issued an examination order for defendant to be examined by two qualified psychiatric examiners. Both doctors concluded that defendant was dangerously mentally ill and required confinement in a secure facility.

We find that defendant received the effective assistance of counsel at the initial hearing, which was properly conducted in accordance with CPL 330.20 (6). At the hearing, defense counsel explained that she would not challenge the findings that defendant was dangerously mentally ill because the defense psychologist who examined defendant before his plea had told counsel that he would not contest the findings. Defense counsel's decision not to challenge the findings did not deny defendant of "meaningful representation" at the initial hearing, as counsel cannot be deemed ineffective for failing to make an argument that had little or no chance of success (*People v Caban*, 5 NY3d 143, 152 [2005]). Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.