People v J.P.

2026 NY Slip Op 02465

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

J.P., Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 3749/16|Appeal No. 6445|Case No. 2025-00921|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Mental Hygiene Legal Services, Garden City (Jennifer M. deGroot of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Andrew John Loizides of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Timothy Lewis, J.), entered on or about December 13, 2022, which found that defendant currently suffers from a dangerous mental disorder and committed him to the custody of the Commissioner of Mental Health for confinement in a secure psychiatric facility for six months, unanimously reversed, on the law, without costs, and the matter remitted for a new CPL 330.20(6) hearing.

Although the examining witnesses who found that defendant suffered from a dangerous mental disorder did not testify at the CPL 330.20(6) initial hearing, the hearing satisfied statutory and due process concerns, as defendant, who did not have the opportunity to cross-examine the witnesses, was otherwise afforded an opportunity at the hearing to challenge the People's evidence.

However, defendant did not receive meaningful representation from his counsel in connection with the hearing. Counsel did no more than briefly offer his personal view that defendant did not presently suffer from a dangerous mental disorder, which was based entirely on the fact that during the six years since the underlying incident, a time in which defendant had always been in custody or supervised detention, there was no record of his engaging in violent conduct. Defense counsel otherwise failed to challenge the examiner reports that provided all the People's evidence as to defendant's dangerous mental disorder. Counsel did not seek the examiners' testimony to allow for cross-examination, did not seek an additional expert examination, and did not call any witnesses or present any evidence for the defense.

In the absence of any advice from a defense expert who personally examined defendant and advised that there was no basis for challenging the findings of the examining experts (see People v Odell B.-P., 154 AD3d 534, 535 [1st Dept 2017], lv denied 30 NY3d 912 [2018]), or any indication in the record that defendant knowingly relinquished his right to contest the People's position, the representation by defense counsel was ineffective. Contrary to the People's contention, there is an insufficient basis to hold as a matter of law that cross-examination and other affirmative defense actions here would have been futile or destined for failure (see People v Darryl T., 166 AD3d 68, 77 [1st Dept 2018], lv dismissed & denied 42 NY3d 1087 [2025]; see alsoMatter of Matheson KK. , 161 AD3d 1260, 1262 [3d Dept 2018], lv dismissed 32 NY3d 945 [2018]; Matter of Brian HH., 39 AD3d 1007, 1009 [3d Dept 2007]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026