■ In the Matter of MILTON P., Appellant.— In a juvenile delinquency proceeding, appellant appeals from a dispositional order of the Family Court, Kings County, dated September 21, 1973, placing him for an indefinite period in the custody of a Division of Youth, Title III Training School upon his adjudication as a juvenile delinquent by order of that court dated July 25, 1973. Orders of said Family Court dated July 25, 1973 and September 21, 1973, reversed, on the law and facts, and petition dismissed. The petition alleged that appellant had feloniously assaulted John Serrano on June 14, 1973, in the hallway of the house at 367 Central Avenue, Brooklyn, New York, by stabbing him. Appellant's defense has been in substance: Serrano, a 21-year-old youth (with a record for having assaulted a police officer) had unsuccessfully tried to rob him in the street, and he ran into his aunt's house at 367 Central Avenue to take refuge therein; Serrano followed him and caught him in the hallway of that house and proceeded to beat him there; fearing that Serrano might kill or seriously injure him, in self-defense he stabbed Serrano with a fishing knife he had in his pocket. Aside from the testimony of appellant and his cousin William Packett, supportive of that defense, we note that Serrano's testimony is confirmatory thereof to a great extent. Serrano testified *inter alia* that when he followed appellant into the subject hallway, appellant " caught a panic ", became " scared ". He (Serrano) believed appellant " didn't mean to do it " (the stabbing). In the record before us appellant's

guilt was not established beyond a reasonable doubt. Although our reversal of the Family Court's fact finding determination renders moot, as far as this proceeding is concerned, whether there was error in that court's conduct of the dispositional hearing in this proceeding pursuant to sections 743 and 745 of the Family Court Act, nevertheless since it appears from the record before us that there is a pending proceeding in the Family Court as to whether appellant should be adjudicated a person in need of supervision, we deem it appropriate to state our conclusion concerning the dispositional hearing had in this matter. The Family Court erred in commencing the dispositional hearing herein in the absence of the Law Guardian who had been appointed to represent appellant in this proceeding, and in overruling the Law Guardian's demand for the right to cross-examine the psychologist, Dr. Golomb. She had testified at that hearing, in his absence, with regard to appellant's need for treatment, supervision and/or confinement (cf. *Matter of Robert F.*, 30 A D 2d 933; *Kent* v. *United States*, 383 U. S. 541, 563; 39 Fordham L. Rev. 391). Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.