■ In the Matter of ALBERT F., Appellant. COMMISSIONER OF THE NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [708 NYS2d 711] —In a proceeding pursuant to Mental Hygiene Law § 9.35 for a rehearing and review of a retention order, the petitioner appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 8, 1999, which granted those branches of the respondents' respective motions pursuant to CPLR 4404 (a) which were to set aside so much of the jury verdict as found that the petitioner was not in need of continued inpatient care and treatment, and for judgment in their favor as a matter of law on the issue of the petitioner's need for continued inpatient care and treatment, and, in effect, denied as academic those branches of the motions which were for a new trial on the issue of whether the petitioner was in need of continued inpatient care and treatment.

Ordered that the order is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof granting those branches of the motions which were for judgment as a matter of law and substituting therefor a provision denying those branches of the motions, and (2) deleting the provision thereof, in effect, denying as academic those branches of the motions which were for a new trial on the issue of whether the petitioner was in need of continued inpatient care and treatment and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The petitioner was committed to the custody of the respondent Commissioner of Mental Health (hereinafter the Commissioner) in 1979 after he was found not responsible for a murder by reason of mental disease or defect. In 1998, while retained at Pilgrim Psychiatric Center, a facility under the jurisdiction of the Commissioner, the petitioner contested the Commissioner's application for a retention order. Following a judicial determination that the petitioner was in need of continued inpatient treatment, the petitioner exercised his right to a jury trial on the issue. At the conclusion of the trial, the jury found that the petitioner was mentally ill, but that he was not in need of continued inpatient treatment. The trial court granted those branches of the respondents' respective motions to set aside the verdict on the issue of whether the petitioner required continued inpatient care and treatment and entered judgment as a matter of law in favor of the Commissioner and against the petitioner on that issue.

The jury's conclusion that the petitioner did not pose a danger to himself or others, and that he was fit to return to society, was against the weight of the evidence. Since the jury had already found that he was mentally ill, it is unclear how it could determine from the testimony presented at trial that despite the illness, inpatient care and treatment were not necessary (see, e.g., Matter of Robinson v Sanchez, 168 Misc 2d 546). The basis of the petitioner's claim that he could safely be released, and that he would not engage in the kind of behavior that led to the murder, was the claim that he was able to handle stress while in the hospital. However, the fact that the petitioner was able to deal with stress in the hospital environment, and the fact that the petitioner could be charming, compliant, and courteous, did not support the jury's conclusion that he could be released into society without threat of harm to himself or others (see, e.g., Matter of Francis S., 87 NY2d 554; Matter of George L., 85 NY2d 295; Matter of Donaldson v Daley, 206 AD2d 298). Thus, the trial court properly granted those branches of the respondents' respective motions which were to set aside the jury verdict. However, the trial court erred in entering judgment as a matter of law in favor of the Commissioner and, instead, should have Ordered a new trial on the issue of whether the petitioner is in need of continued inpatient care and treatment (see, Edin v Halff, 261 AD2d 569; Russo v Nunez, 251 AD2d 162). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.