In the Matter of RICHARD PHILIPPS, as President of Lithgow Association, et al., Appellants, v TOWN OF WASHINGTON ZONING BOARD OF APPEALS et al., Respondents. [718 NYS2d 91] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Washington Zoning Board of Appeals dated January 20, 1998, denying the petitioners' application to revoke a certificate of occupancy issued to the respondent M. Heidi Otto, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated January 13, 1999, which denied the petition and dismissed the proceeding.

In the Matter of RICHARD S., Respondent-Appellant. COMMISSIONER OF THE NEW YORK STATE OFFICE OF MENTAL HEALTH, Appellant-Respondent. [717 NYS2d 915] —In a proceeding pursuant to CPL 330.20 (9) for a second retention order, the petitioner, Commissioner of the New York State Office of

Mental Health, appeals, by permission, (1), as limited by his brief, from so much of an order of the Supreme Court, Orange County (Pano Z. Patsalos, J.), dated December 15, 1999, as, after a hearing, granted the petition only to the extent of directing the continued retention of Richard S. in a less secure facility, (2) from a transfer order of the same court, dated December 29, 1999, which directed that Richard S. be transferred from a secure to a nonsecure facility, (3), as limited by his brief, from so much of a second retention order of the same court, also dated December 29, 1999, as directed that the continued care and treatment of Richard S. take place in a nonsecure facility, and (4) an order of conditions of the same court, also dated December 29, 1999, and Richard S. cross-appeals, by permission, as limited by his brief, from (1) so much of the second retention order as directed his continued retention for a period of two years, and (2) so much of the order of conditions as required that he submit to a penile plethysmograph if so requested by his treatment team.

Ordered that the appeal from the order dated December 15, 1999, is dismissed, without costs or disbursements, as that order was superseded by the second retention order dated December 29, 1999; and it is further,

Ordered that the order of conditions dated December 29, 1999, is modified, on the facts, by deleting the provision thereof requiring that the respondent submit to a penile plethysmograph if so requested by his treatment team; as so modified, the order of conditions is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the second retention order and the transfer order, both dated December 29, 1999, are affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner failed to demonstrate by a preponderance of the evidence that the mental condition of Richard S. causes him to "currently [constitute] a physical danger to himself or others" (CPL 330.20 [1] [c] [ii]; *see, People v Escobar,* 61 NY2d 431, 440). Therefore, the continued confinement of Richard S. in a secure psychiatric facility is unwarranted (*see, Matter of Francis S.,* 87 NY2d 554; *Matter of George L.,* 85 NY2d 295). Contrary to the contention of Richard S., however, a preponderance of the evidence demonstrates that he still suffers from a "mental illness" (CPL 330.20 [1] [c] [i]) which necessitates his continued "care, treatment and rehabilitation" in a nonsecure facility (Mental Hygiene Law § 1.03 [20]).

The petitioner presently agrees that Richard S. should not be required to submit to a penile plethysmograph. The order of conditions is modified accordingly. S. Miller, J. P., Friedmann, Krausman and Luciano, JJ., concur.