■ In the Matter of JERRIELL O., Respondent. KINGSBORO PSYCHIATRIC CENTER, Appellant. CHARLES J. HYNES, as District Attorney of the County of Kings, Nonparty Appellant. [734 NYS2d 71] —In a proceeding pursuant to CPL 330.20 for a subsequent retention order, the petitioner and Charles J.

Hynes, District Attorney, Kings County, appeal, by permission, from an order of the Supreme Court, Kings County (Mason, J.), dated May 17, 2001, which, after a hearing, denied the petitioner's application for the continued retention of the respondent Jerriell O. and released him subject to conditions. By decision and order dated June 12, 2001, this Court stayed enforcement of the order appealed from pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petitioner's application for a subsequent retention order is granted.

The respondent Jerriell O. entered a plea of not responsible by reason of mental disease or defect to various criminal charges, including arson and attempted murder, and was transferred under a retention order to the petitioner Kingsboro Psychiatric Center (hereinafter Kingsboro), a nonsecure facility. Kingsboro commenced the instant proceeding for a subsequent retention order pursuant to CPL 330.20 (9) on the ground that the respondent is mentally ill (*see, Matter of Richard S.*, 278 AD2d 496; *Matter of David B.*, 278 AD2d 491). A person is considered "mentally ill" when he "suffers from a mental illness for which care and treatment as a patient, in the in-patient services of a psychiatric center under the jurisdiction of the state office of mental health, is essential to such [person's] welfare and that his judgment is so impaired that he is unable to understand the need for such care and treatment" (CPL 330.20 [1] [d]).

At the hearing on the petition, psychiatric evidence was presented by the petitioner and by the District Attorney for Kings County. Contrary to the Supreme Court's determination, we conclude that the petitioner met its burden of establishing by a fair preponderance of the evidence that the respondent is mentally ill (*see, People v Escobar*, 61 NY2d 431; *Matter of Michael RR.*, 233 AD2d 30). The uncontroverted expert testimony established that the respondent had progressed while subject to 24-hour supervision in the hospital, but was as yet unprepared to function in the community in a less-supervised environment (*see, Matter of Albert F.*, 273 AD2d 308). In addition, there was evidence that the respondent lacked insight into his need for further treatment. The experts recommended retention of the respondent so that he could be gradually exposed to less controlled environments through a furlough program. As the petitioner met its burden of proof, the court erred in denying the petition. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.