■ In the Matter of Commissioner of the Office of Mental Health, Appellant, v Glenn B., Respondent. [844 NYS2d 25]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered May 14, 2007, which denied the petition for further retention of respondent at a nonsecure facility and ordered his conditional release, unanimously reversed, on the law, without costs, the petition granted, and respondent remanded for retention for a period not to exceed an additional two years.

The uncontroverted testimony provided by respondent's treating psychiatrist established the need for continued treatment in an inpatient facility, and that respondent would be a danger to others if he were released into the community (*see Matter of Consilvio v Diana W.*, 269 AD2d 310, 312 [2000]). Contrary to respondent's contentions, the medical progress notes, dated September 23, 2006 through March 30, 2007, amply supported the expert testimony.

The court, at hearing, based its ruling on a finding of "scant evidence as to assaultive behavior," alluding to the remoteness of respondent's crime—the 1982 attempted murder of his wife, which gave rise to his CPL 330.20 supervision. That predicate act was nonetheless violent in the extreme (*see Matter of Carpinello v Floyd A.*, 23 AD3d 179, 183 [2005]). "Although a finding of dangerousness may be supported by evidence of violence, dangerousness is not coterminous with violence" (*Matter of David B.*, 97 NY2d 267, 278 [2002]). Respondent's medical progress notes were replete with notations of his volatile behavior.

Those medical reports also indicate, time and again, that respondent feels no remorse and takes no responsibility for his crime. Lack of remorse and minimizing one's crime are relevant factors in continuing retention, indicating a patient's lack of insight into his mental illness (*see Matter of Jamie R. v Consilvio*, 17 AD3d 52, 62 [2005], *affd* 6 NY3d 138 [2006]). That lack of insight, according to psychiatric testimony, would cause respondent to "decompensate" outside an inpatient facility, an important factor to consider when determining whether he should be recommitted to a psychiatric facility (*see Matter of Crumpley v Wack*, 212 AD2d 299, 308 [1995], *lv denied* 86 NY2d 808 [1995]). The court's finding of no evidence that respondent was noncompliant in taking his medication is refuted by medical records consistently documenting his receipt of an antipsychotic drug by injection, as opposed to mouth, because of his prior history of noncompliance.

Under these circumstances, there is a likelihood that respondent, as in the past, will not seek treatment for the symptoms of his medical illness, despite the court's order of conditions. Although respondent has shown some progress since he began

taking a particular antipsychotic drug, his brief improvement within the confines of a psychiatric institution did not establish that he no longer posed a danger to himself or others should he be released into the community (*see Matter of Richard H. v Consilvio*, 6 AD3d 7 [2004], *lv denied* 3 NY3d 601 [2004]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.