■ In the Matter of ZHENG Z., Appellant. SOUTH BEACH PSYCHIATRIC CENTER et al., Respondents. [910 NYS2d 146]—

In a proceeding pursuant to CPL 330.20 (9) for a subsequent retention order, Zheng Z. appeals, by permission, from an order of the Supreme Court, Richmond County (Collini, J.), dated July 28, 2009, which, after a hearing, granted the petitioner's application for his continued retention for a period not to exceed two years from the date of the expiration of a second retention order.

Ordered that the order is affirmed, without costs or disbursements.

Zheng Z. entered a plea of not responsible by reason of mental

disease or defect to various criminal charges, including assault, arson, and attempted murder, and was confined in a secure facility for a period of six months until he was transferred under a retention order to the petitioner South Beach Psychiatric Center (hereinafter South Beach), a nonsecure facility, for a period of two years. A second retention order was issued pursuant to which Zheng Z. was confined at South Beach for another two years. South Beach commenced the instant proceeding for a subsequent retention order pursuant to CPL 330.20 (9) on the ground that Zheng Z. is mentally ill (*see Matter of Jerriell O.*, 288 AD2d 313, 314 [2001]; *Matter of David B.*, 278 AD2d 491 [2000]). A person is considered "mentally ill" when he or she "suffers from a mental illness for which care and treatment as a patient, in the in-patient services of a psychiatric center under the jurisdiction of the state office of mental health, is essential to such [person's] welfare and that his [or her] judgment is so impaired that he [or she] is unable to understand the need for such care and treatment" (CPL 330.20 [1] [d]).

At the hearing, South Beach met its burden of establishing by a fair preponderance of the evidence that Zheng Z. is mentally ill (*see Matter of David B.*, 278 AD2d at 491-492; *Matter of Jerriell O.*, 288 AD2d at 314). The expert testimony established that although Zheng Z. had progressed while in the hospital, he was not yet prepared to function in the community in a less-supervised environment (*see Matter of Jerriell O.*, 288 AD2d at 314). In addition, there was evidence that he lacked insight into his need for further treatment. South Beach's expert recommended that Zheng Z. be retained so that he could be gradually exposed to less controlled environments. Thus, South Beach met its burden of proof (*id.*).

Zheng Z.'s remaining contentions are without merit. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.