◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN B., Appellant. [23 NYS3d 306]—

Appeal by the defendant, by permission, from an order of the County Court, Dutchess County (Greller, J.), dated August 8, 2013, committing him to a secure facility for six months pursuant to CPL 330.20 (6) upon a finding that he has a dangerous mental disorder.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance herewith.

After the defendant was charged with assault in the second degree, the County Court accepted a plea of not responsible by reason of mental disease or defect. The defendant now appeals from a commitment order dated August 8, 2013, committing him to a secure facility for six months pursuant to CPL 330.20 (6) upon a finding that he has a dangerous mental disorder. Although the commitment order has expired by its own terms, there is no indication in the record that the defendant has been released from the secure facility (CPL 330.20 [8], [9]). The appeal is not academic because the County Court's determination that the defendant has a dangerous mental disorder has lasting consequences that will affect all future proceedings regarding his commitment and release (*see Matter of George L.,* 85 NY2d 295, 302 n 2 [1995]; *Matter of Sheldon S.,* 9 AD3d 92, 95 [2004]; *People v Salem,* 122 AD2d 85, 86 [1986]).

The defendant correctly contends that it was erroneous for the County Court to issue a commitment order without conducting an "initial hearing" pursuant to CPL 330.20 (6) (*see generally Matter of Allen B. v Sproat,* 23 NY3d 364, 368 [2014]). Although this contention is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]). Accordingly, we reverse the commitment order and remit the matter to the County Court, Dutchess County, for an "initial hearing" pursuant to CPL 330.20 (6) and further proceedings thereafter in accordance with that statute.

In light of our determination, we need not reach the defendant's remaining contention. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.