■ In the Matter of ERIC F., Appellant. DAVID M. HOOVLER, Respondent. [60 NYS3d 44]—

Appeal by Eric F., by permission, from an order of the County Court, Orange County (Freehill, J.), dated June 24, 2015, which, after an initial hearing pursuant to CPL 330.20 (6), found that he suffered from a dangerous mental disorder and that the safety and welfare of the community and the defend-

ant required that he be treated in a secure facility, and directed that he be committed to a secure facility for a period not to exceed six months pursuant to CPL 330.20 (1) (f).

Ordered that the appeal from so much of the order as directed that the appellant be committed to a secure facility for a period not to exceed six months pursuant to CPL 330.20 (1) (f) is dismissed, without costs or disbursements, as the period of commitment has expired in accordance with its terms; and it is further,

Ordered that the order is reversed insofar as reviewed, on the facts, without costs or disbursements, so much of the order as directed that the appellant be committed to a secure facility for a period not to exceed six months pursuant to CPL 330.20 (1) (f) is vacated, and the matter is remitted to the County Court, Orange County, for the entry of a finding that the appellant is "mentally ill" pursuant to CPL 330.20 (1) (d), and the issuance of such further orders as may be appropriate under the Mental Hygiene Law and CPL 330.20 (7).

Although the period of commitment has expired by its own terms, the appeal from so much of the order as found that the appellant has a dangerous mental disorder is not academic because the County Court's finding has lasting consequences that will affect all future proceedings regarding his commitment and release (see Matter of George L., 85 NY2d 295, 302 n 2 [1995]; Matter of Sheldon S., 9 AD3d 92, 95 [2004]; People v Salem, 122 AD2d 85, 86 [1986]).

On September 19, 2012, the appellant was arrested for attacking his then fiancée. At the time of the attack, the appellant was under the delusion that his fiancée was the devil. On September 25, 2012, he was released on bail, and in October 2012, he was indicted on charges of strangulation in the second degree, coercion in the first degree, attempted assault in the second degree (two counts), criminal obstruction of breathing or blood circulation (two counts), assault in the third degree, and criminal possession of a weapon in the fourth degree.

Following his release on bail, the appellant visited a number of hospitals presenting with symptoms of anxiety, paranoia, confusion, mania, delusions, and hallucinations. From December 10, 2012, through sometime in June 2014, the appellant received regular psychiatric treatment and medication on an outpatient basis from Coney Island Hospital.

On June 19, 2014, the County Court accepted the appellant's plea of not responsible by reason of mental disease or defect to the charge of strangulation in the second degree. After the court issued an examination order pursuant to CPL 330.20 (3),

the appellant was remanded to Mid-Hudson Forensic Psychiatric Center (hereinafter Mid-Hudson), where he was evaluated by three psychiatric examiners. Two of the examiners found him to be suffering from a dangerous mental disorder, while the third determined that he was mentally ill.

At the ensuing commitment hearing, the People presented the testimony of Dr. Krista Sickler and Dr. Patricia Simon-Phelan. The appellant presented the testimony of Dr. Jacqueline Berenson and Dr. Lawrence Siegel. Drs. Sickler and Simon-Phelan opined that the appellant currently presented a danger to himself and others because he lacked a full understanding of the chronic nature of his mental illness. By contrast, Dr. Berenson and Dr. Siegel opined, based upon the appellant's history of compliance while at liberty and at Mid-Hudson, that the appellant was mentally ill but did not suffer from a dangerous mental disorder.

The County Court found that the appellant suffered from a dangerous mental disorder, and directed that he be committed to a secure facility for a period not to exceed six months. The court based its finding of a heightened level of dangerousness upon the seriousness of the instant offense, as well as testimony from Drs. Sickler and Simon-Phelan that the appellant lacked an acceptance of the chronic nature of his illness. This Court granted the appellant leave to appeal from the County Court's order.

At a hearing pursuant to CPL 330.20 (6), the People must prove by a preponderance of the evidence that the defendant either suffers from a dangerous mental disorder or is mentally ill (*see* CPL 330.20 [6]; *People v Escobar*, 61 NY2d 431, 439-440 [1984]). A " '[d]angerous mental disorder' means: (i) that a defendant currently suffers from a 'mental illness' as that term is defined in subdivision twenty of section 1.03 of the mental hygiene law, and (ii) that because of such condition he currently constitutes a physical danger to himself or others" (CPL 330.20 [1] [c]). A "mental illness" is defined as "an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking, or judgment to such an extent that the person afflicted requires care, treatment and rehabilitation" (Mental Hygiene Law § 1.03 [20]). " 'Mentally ill' means that a defendant currently suffers from a mental illness for which care and treatment as a patient, in the in-patient services of a psychiatric center . . . is essential to such defendant's welfare and that his judgment is so impaired that he is unable to understand the need for such care and treatment" (CPL 330.20 [1] [d]). "The difference in

dangerousness is a matter of degree; confinement in a secure facility requires that the insanity acquittee's dangerousness be more pronounced" (*Matter of Marvin P.*, 120 AD3d 160, 172 [2014]).

When reviewing a determination made after a commitment hearing, our "factual review power permits us to render the determination warranted by the facts, making our own findings of fact when necessary, while bearing in mind that in a close case, the [County Court] had the advantage of seeing and hearing the witnesses" (*id.* at 169-170). If this Court determines that the record does not support the County Court's findings, then we must modify the commitment order (*see Matter of Norman D.*, 3 NY3d 150, 155 [2004]).

Upon our independent review of the record, we find that the People failed to establish by a preponderance of the evidence that the appellant suffered from a dangerous mental disorder so as to justify his confinement in a secure facility.

The opinions expressed by the People's experts were based, in large part, upon speculation and an overly narrow focus on the appellant's conduct during the relatively brief period of time between the instant offense and the time when the appellant began taking medication. As evidenced by the unrebutted testimony of the appellant's experts, the appellant has had no history of relapses into violent behavior. Moreover, he had no notable history of substance or alcohol abuse, had always been compliant with treatment, both during the 18-month period he was released on bail and during his subsequent time at Mid-Hudson, and had a positive support system. Therefore, the preponderance of the record evidence did not support the conclusion of the People's experts that the appellant suffered from a dangerous mental disorder (*see Matter of Francis S.*, 87 NY2d 554, 561 [1995]; *Matter of George L.*, 85 NY2d 295, 308 [1995]; *Matter of Eric U.*, 40 AD3d 1148, 1150 [2007]; *Matter of Carpinello v Floyd A.*, 23 AD3d 179, 182 [2005]). Contrary to the County Court's determination, the preponderance of the evidence adduced at the hearing demonstrated only that the appellant was mentally ill (*see Matter of Zheng Z.*, 78 AD3d 720, 721 [2010]).

Accordingly, the County Court's findings of fact must be vacated and the matter remitted to the County Court, Orange County, for the entry of a finding that the appellant is mentally ill pursuant to CPL 330.20 (1) (d), and the issuance of such further orders as may be appropriate under the Mental Hygiene Law and CPL 330.20 (7). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.