Matter of Jamie R. (New York State Commr. of Mental Health) (2019 NY Slip Op 05545)





Matter of Jamie R. (New York State Commr. of Mental Health)


2019 NY Slip Op 05545


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03731
 (Ind. No. 132/98)

[*1]In the Matter of Jamie R. (Anonymous), respondent; New York State Commissioner of Mental Health, appellant.


Letitia James, Attorney General, New York, NY (Andrew W. Amend and Philip V. Tisne of counsel), for appellant.
Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, and Lisa Volpe of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPL 330.20(9) for a subsequent retention order, the New York State Commissioner of Mental Health appeals, by permission, from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated February 1, 2019. The order, after a hearing, denied the application of the New York State Commissioner of Mental Health for the continued retention of Jamie R.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the application for a subsequent retention order is granted, and the matter is remitted to the Supreme Court, Rockland County, for the issuance of a subsequent retention order in accordance with CPL 330.20(9).
On July 9, 1998, the respondent, while incarcerated, kicked and bit a police officer attempting to escort him to a cell. The respondent was charged with assault in the second degree, and, after a trial, he was found not responsible by reason of mental disease or defect. After being placed in a nonsecure facility, the respondent was twice discharged and recommitted, and since 2011, the respondent has been committed to the Rockland Psychiatric Center. The New York State Commissioner of Mental Health (hereinafter the Commissioner) filed an application pursuant to CPL 330.20(9) for a subsequent retention order. In an order dated February 1, 2019, made after a hearing, the Supreme Court denied the application. The Commissioner appeals, by permission, from that order.
At a hearing on an application for retention, "the commissioner must establish to the satisfaction of the court that the defendant has a dangerous mental disorder or is mentally ill" (CPL 330.20[9]). " Mentally ill' under CPL 330.20(1)(d) has three distinguishing characteristics: (1) the illness is of a kind that requires inpatient care and treatment, (2) care and treatment of the illness are essential to the defendant's welfare, and (3) because of impaired judgment the defendant does not understand the need for such care and treatment" (Matter of David B., 97 NY2d 267, 277 [emphasis [*2]omitted]). In reviewing a determination made after a hearing regarding an application for continued retention, "this Court's authority is as broad as that of the Supreme Court," and "[o]ur factual review power permits us to render the determination warranted by the facts, making our own findings of fact when necessary, while bearing in mind that in a close case, the Supreme Court had the advantage of seeing and hearing the witnesses" (Matter of Marvin P., 120 AD3d 160, 169-170).
Here, the Commissioner established by a preponderance of the evidence that the respondent is mentally ill and in need of subsequent retention (see Matter of Zheng Z., 78 AD3d 720, 721; Matter of Jerriell O., 288 AD2d 313, 314). The uncontroverted testimony of the attending psychiatrist at Rockland Psychiatric Center established that although the respondent had made some recent progress while in the hospital, he was not yet prepared to function in the community in a less-supervised environment, and should be retained so that he could be gradually exposed to less controlled environments (see Matter of Daniel XX., 53 AD3d 819, 822; Matter of Commissioner of Off. of Mental Health v Glenn B., 44 AD3d 517, 518; Matter of Lamont D., 9 AD3d 630, 631; Matter of Jerriell O., 288 AD2d at 314). Moreover, the evidence, including the respondent's own testimony, reveals that the respondent lacked insight into his mental illness and his need for further treatment (see Matter of Stephen W., 90 AD3d 1166, 1169-1170; Matter of Zheng Z., 78 AD3d at 721).
Accordingly, we reverse the Supreme Court's order denying the Commissioner's application for a subsequent retention order and grant the application .
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court