People v David T. (2020 NY Slip Op 00964)





People v David T.


2020 NY Slip Op 00964


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1214 CA 18-02006

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID T., DEFENDANT-APPELLANT. 






MICHAEL D. NEVILLE, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, GARDEN CITY (LAURA ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an amended order of the Onondaga County Court (Matthew J. Doran, J.), entered June 27, 2017 in a proceeding pursuant to CPL 330.20. The amended order, among other things, committed defendant to the custody of the Commissioner of Mental Health for confinement in a secure facility to be designated by said Commissioner for care and treatment. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed in the interest of justice and on the law without costs and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: After defendant was charged with arson in the second degree (Penal Law
§ 150.15), County Court accepted his plea of not responsible by reason of mental disease or defect (see CPL 220.15 [1]). As a result, the court entered an order pursuant to CPL 330.20 requiring, inter alia, that defendant be examined by two qualified psychiatric examiners to determine whether he had a dangerous mental disorder or, if not, whether he was mentally ill (see CPL 330.20 [1] [c], [e]; [2]). The examiners thereafter completed their examinations and submitted respective examination reports in which they both concluded that defendant had a dangerous mental disorder. Defendant now appeals, by permission of this Court, from an amended order that, upon the court's finding that defendant suffered from a dangerous mental disorder, committed him to the custody of the Commissioner of Mental Health for confinement in a secure facility.
In pertinent part, CPL 330.20 (6) provides that, "[a]fter the examination reports are submitted, the court must, within [10] days of the receipt of such reports, conduct an initial hearing to determine the defendant's present mental condition" (emphasis added) (see Matter of New York State Off. of Mental Health v Marco G., 167 AD3d 49, 51 [1st Dept 2018]; People v Darryl T., 166 AD3d 68, 76 [1st Dept 2018]; Matter of Matheson KK., 161 AD3d 1260, 1261 [3d Dept 2018]). In this case, however, the court did not conduct an initial hearing. We agree with defendant that, as the People correctly concede, the court's failure to conduct the requisite initial hearing constitutes reversible error (see People v Shawn B., 135 AD3d 782, 782 [2d Dept 2016]). Although defendant failed to preserve his contention for our review (see id.; see generally Darryl T., 166 AD3d at 78), we nevertheless review it in the interest of justice (see generally Shawn B., 135 AD3d at 782; Breitung v Canzano, 238 AD2d 901, 902 [4th Dept 1997]). We therefore reverse the amended order and remit the matter to County Court to conduct an initial hearing pursuant to CPL 330.20 (6).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court