People v Juan R. (2020 NY Slip Op 01190)





People v Juan R.


2020 NY Slip Op 01190


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-05271
 (Ind. No. 17-00365)

[*1]The People of the State of New York, respondent,
v Juan R. (Anonymous), also known as Juan R.-B (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, and Dennis B. Feld of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Rockland County (David S. Zuckerman, J.), dated October 10, 2018, committing him to a secure facility for six months pursuant to CPL 330.20(6) upon a finding that he has a dangerous mental disorder.
ORDERED that the order is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for further proceedings in accordance herewith.
After the defendant was charged with burglary in the third degree (Penal Law § 140.20) and criminal mischief in the third degree (Penal Law § 145.05[2]), the County Court accepted a plea of not responsible by reason of mental disease or defect. The defendant appeals from an order dated October 10, 2018, committing him to a secure facility for six months pursuant to CPL 330.20(6) upon a finding that he has a dangerous mental disorder.
Although the commitment order has expired by its own terms, the appeal is not academic because the County Court's determination that the defendant has a dangerous mental disorder has lasting consequences that will affect all future proceedings regarding his commitment and release (see Matter of Norman D., 3 NY3d 150, 154-155; People v Shawn B., 135 AD3d 782).
The initial hearing under CPL 330.20(6) is a critical stage of the proceedings during which the defendant is entitled to the effective assistance of counsel (see Matter of Brian HH., 39 AD3d 1007, 1009). Here, there was simply no legitimate strategy that could have warranted defense counsel's concession that the defendant suffered from a dangerous mental disorder, implicitly consenting to the defendant's confinement in a secure facility (see People v Darryl T., 166 AD3d 68, 77; Matter of Matheson KK., 161 AD3d 1260, 1262-1263). As defense counsel failed to provide meaningful representation, the defendant was deprived of the effective assistance of counsel (see People v Darryl T., 166 AD3d 68; Matter of Brian HH., 39 AD3d 1007).
Neither the defendant's nor defense counsel's concession to a finding of dangerous mental disorder can relieve the County Court from the obligation to provide the initial statutory hearing, which is mandatory (see CPL 330.20[6]; Matter of Allen B. v Sproat, 23 NY3d 364, 368; [*2]cf. Mental Hygiene Law § 10.08[f]). Accordingly, we remit the matter to the County Court, Rockland County, for further proceedings, including the ordering of examination reports and the conducting of an initial hearing to determine the defendant's present mental condition.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court