Matter of John P. (New York State Off. of Mental Health) (2022 NY Slip Op 04855)

Matter of John P. (New York State Off. of Mental Health)

2022 NY Slip Op 04855

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

477 CA 21-00912

[*1]RELATION TO JOHN P., RESPONDENT-APPELLANT. NEW YORK STATE OFFICE OF MENTAL HEALTH, PETITIONER-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (TRACIE M. HIATT OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), entered December 28, 2020. The order, among other things, directed that respondent be retained in a secure facility operated by petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this recommitment proceeding pursuant to CPL 330.20 (14), respondent appeals from an order issued after a hearing in which Supreme Court concluded, inter alia, that respondent suffers from a dangerous mental disorder requiring that he be confined in a secure facility operated by petitioner for a period of four months (see CPL 330.20 [1] [c]). Initially, we note that although "an insanity acquittee dissatisfied with a commitment, recommitment or retention determination [may pursue] a permissive appeal under CPL 330.20 (21)" (Matter of Jamie R. v Consilvio, 6 NY3d 138, 148 [2006]), no appeal as of right lies from such an order, and respondent has not been granted leave to appeal. Although the issue is not raised by either party, we nevertheless treat the notice of appeal as an application for leave to appeal pursuant to CPL 330.20 (21) (a) (ii), and, in the exercise of our discretion, we grant the application (see generally People v Richardson, 129 AD3d 1629, 1629 [4th Dept 2015], lv denied 26 NY3d 971 [2015]; Aloi v Ellis, 96 AD3d 1564, 1565 [4th Dept 2012]).
As a further initial matter, as respondent contends and petitioner correctly concedes, although the order appealed from has expired, this appeal is not moot (see Matter of George L., 85 NY2d 295, 302 n 2 [1995]; People v Juan R., 180 AD3d 935, 936 [2d Dept 2020]; Matter of Barber v Rochester Psychiatric Ctr., 250 AD2d 87, 89 [4th Dept 1998]).
With respect to the merits, we reject respondent's contention that the order is not supported by the requisite preponderance of the evidence, and therefore we affirm. The law is well settled.
" 'Dangerous mental disorder' means: (i) that a defendant currently suffers from a 'mental illness' as that term is defined in [Mental Hygiene Law § 1.03 (20)], and (ii) that because of such condition he [or she] currently constitutes a physical danger to himself [or herself] or others" (CPL 330.20 [1] [c]). The word "currently," as used in the definition of dangerous mental disorder, "does not constrain a court to determining dangerousness as of the moment in time that a defendant is before it after a verdict or plea of not responsible by reason of mental disease or defect" (George L., 85 NY2d at 305). "The prosecution may meet its burden of proving that a defendant poses a current threat to himself [or herself] or others warranting confinement in a [*2]secure environment, for example, by presenting proof of a history of prior relapses into violent behavior, substance abuse or dangerous activities upon release or termination of psychiatric treatment, or upon evidence establishing that continued medication is necessary to control defendant's violent tendencies and that defendant is likely not to comply with prescribed medication because of a prior history of such noncompliance or because of threats of future noncompliance . . . Dependence upon factors such as these—clearly evidencing a defendant's threat to himself [or herself] or society—is warranted to justify the significant limitations on an insanity acquitee's liberty interest which accompany secure confinement" (id. at 308; cf. Matter of Eric F., 152 AD3d 586, 588-589 [2d Dept 2017]). Furthermore, when reviewing a determination made after a hearing, "this Court's authority is as broad as that of . . . Supreme Court . . . Our factual review power permits us to render the determination warranted by the facts, making our own findings of fact when necessary, while bearing in mind that in a close case, . . . Supreme Court had the advantage of seeing and hearing the witnesses" (Matter of Marvin P., 120 AD3d 160, 169-170 [2d Dept 2014], lv dismissed 36 NY3d 1074 [2021]; see generally George L., 85 NY2d at 305; Matter of Barry V., 46 AD3d 1392, 1393 [4th Dept 2007]).
Applying that well-settled law, we conclude that petitioner met its burden of establishing by a preponderance of the evidence that respondent suffered from a dangerous mental disorder within the meaning of CPL 330.20 (1) (c) (see People v Escobar, 61 NY2d 431, 439-440 [1984]). Contrary to respondent's contention, his temporary "compliance or lack of dangerousness in a facility does not necessarily mean that [he] does not suffer from a dangerous mental disorder" (Matter of Francis S., 206 AD2d 4, 13 [1st Dept 1994], affd 87 NY2d 554 [1995]; see George L., 85 NY2d at 305). To the contrary, respondent displayed a years-long pattern of complying with his mandated medication regime while confined to a mental institution, but then ceasing to comply upon his release into the community. After release, respondent repeatedly resumed substance abuse, made threats, and engaged in self-harm and other dangerous behavior, and thus we conclude that petitioner met its burden (see George L., 85 NY2d at 308; cf. Eric F., 152 AD3d at 588-589).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court