People v Anthony N. (2024 NY Slip Op 00328)

People v Anthony N.

2024 NY Slip Op 00328

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-09465

[*1]The People of the State of New York, respondent,
v
Anthony N. (Anonymous), appellant. (S.C.I. No. 751/21)

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Mariana Zelig, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Gary F. Miret, J.), dated July 5, 2022, committing him to a secure facility for six months pursuant to CPL 330.20(6) upon a finding that he has a dangerous mental disorder.
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
After the defendant was charged with criminal contempt in the first degree, criminal contempt in the second degree, attempted assault in the third degree, and two counts of harassment in the second degree, the Supreme Court accepted a plea of not responsible by reason of mental disease or defect. The defendant appeals from an order dated July 5, 2022, committing him to a secure facility for six months pursuant to CPL 330.20(6) upon a finding that he has a dangerous mental disorder.
Although the commitment order has expired by its own terms, and the defendant is no longer in a secure psychiatric facility, the appeal is not academic because the Supreme Court's determination that the defendant has a dangerous mental disorder "has lasting consequences that will affect all future proceedings regarding his commitment and release" (People v Juan R., 180 AD3d 935, 936; see Matter of Norman D., 3 NY3d 150, 154-155).
The Supreme Court committed reversible error by issuing a commitment order without conducting an initial hearing pursuant to CPL 330.20(6) (see People v Juan R., 180 AD3d at 936; People v Shawn B., 135 AD3d 782, 782). The court's obligation to provide the initial hearing pursuant to CPL 330.20(6) is mandatory (see People v Juan R., 180 AD3d at 936). At the initial hearing "the People must prove by a preponderance of the evidence that the defendant either suffers from a dangerous mental disorder or is mentally ill" (Matter of Eric F., 152 AD3d 586, 588). Here, the court improperly made a finding that the defendant suffers from a dangerous mental disorder and committed him to a secure facility for six months without first conducting a mandatory hearing pursuant to CPL 330.20(6) and, thus, deprived the defendant of an opportunity to cross-examine the psychiatric examiners and to present his own testimony (see People v Juan R., 180 AD3d at 936; [*2]People v Shawn B., 135 AD3d at 782; see generally Matter of Milton P., 45 AD2d 1010, 1011).
Accordingly, we reverse the commitment order and remit the matter to the Supreme Court, Queens County, for further proceedings, including the conducting of an initial hearing pursuant to CPL 330.20(6) to determine the defendant's present mental condition (see id.; People v Juan R., 180 AD3d at 936; People v Shawn B., 135 AD3d at 782).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court